Lisa I. CAUDILLO and Samuel E. Caudillo, Relators,

v.

The Honorable Martin J. CHIUMINATTO, Jr., Judge, Kleberg County Court at Law, Kleberg County, Texas, Respondent.

No. 13–87–421–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 5, 1987.

Roy C. Turcotte, Kingsville, for relators.

William A. Ewert, Co. Atty., Robert H. Alcorn, Kingsville, Edwin N. Horne, Asst. Atty. Gen., Austin, for respondent.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

In this original mandamus proceeding, relators seek to have this Court issue a writ of mandamus directing respondent to vacate his order prohibiting them from taking the depositions of two potential witnesses. We granted the application for leave to file and after hearing arguments of counsel, we now grant the issuance of the writ and conditionally order the writ to issue.

Texas Department of Human Services filed suit against relators, Lisa Caudillo and Samuel Caudillo, seeking involuntary termination of their parental rights to their infant daughter. Relators filed a notice to take the depositions of the foster parents who were caring for their child. The petitioners in the underlying suit filed objections to the oral depositions on relevancy grounds. Relators asserted at the hearing that the foster parents might have information concerning the best interest of the child with respect to her present and future physical and emotional condition and needs. The trial court sustained petitioner's objections and refused to allow the taking of the depositions.

Tex.R.Civ.P. 166b2a provides that parties may obtain discovery concerning any matter relevant to the subject matter in the pending action whether it relates to the claim or defense of the party seeking discovery or any other party. It is not ground for objection that the information sought will be inadmissible at trial if the information sought is calculated to lead to the discovery of admissible evidence. Mandamus is the only remedy available to a relator who has been denied discovery of properly discoverable information. *See Jampole v. Touchy,* 673 S.W.2d 569, 576 (Tex.1984).

The breadth of discovery is limited by the rule that a trial court may protect a party from harassment or annoyance, and from discovery of privileged matters. *Id.* at 573; Tex.R.Civ.P. 166b4. However, a party who seeks to exclude documents or evidence from discovery has an affirmative duty to plead the privilege, immunity or exclusion claimed, to request a hearing and to produce evidence substantiating the claim. *McAllen State Bank v. Salinas,* 738 S.W.2d 381 (Tex.App.—Corpus Christi 1987) (original proceeding) (not yet reported). The burden to produce evidence is upon the party seeking to prevent discovery. *See Medical Protective Co. v. Glanz,* 721 S.W.2d 382 (Tex.App.—Corpus Christi 1986, writ ref'd); *Western Casualty and Surety Co. v. Spears,* 730 S.W.2d 821 (Tex.App.—San Antonio 1987) (original proceeding). The trial court abuses its discretion in preventing discovery when no evidence is presented substantiating the exclusion or privilege claimed. *See Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 58 (Tex.1986).

The physical and emotional well-being of the infant and her best interests are issues to be dealt with by the trial court in an ultimate determination of the underlying lawsuit. It would seem only natural that observations and information from those people entrusted with the daily care of the infant might be admissible or lead to admissible evidence.

At the hearing to prevent discovery, the attorney for the petitioner in the main case merely stated with regard to the taking of the depositions: "I cannot address anything further because I can't dream of any relevancy."

We find that petitioners below have failed to produce any evidence or explanation why the foster parents' depositions should not be taken or any proof indicating that the discovery was sought to harass, annoy or unnecessarily burden the prospective deponents or their representative. The trial court abused its discretion in not allowing relator to depose the foster parents.

We are confident that the Honorable Martin J. Chiuminatto, Jr., Judge of the Kleberg County Court at Law, will abide by our decision. A writ of mandamus will issue only if he fails to do so.