C–TRAN DEVELOPMENT
CORPORATION, Relator,

v.

The Honorable Eugene CHAMBERS,
Judge, 215th Judicial District,
Respondent.

No. A14–89–00298–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 15, 1989.

Barry G. Flynn, Mark W. Thayer, Houston, for relator.

Charles W. Cunningham, Patrick E. Longan, Dallas, for respondent.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

PER CURIAM.

In this original proceeding, C–Tran Development Corporation urges us to issue a writ of mandamus to the Honorable Eugene Chambers directing him to set aside a discovery order signed March 28, 1989.

In 1986 relator brought suit against Precision Services, Inc. (Precision), J. Baxter Brinkmann International Corporation, J. Baxter Brinkmann Oil & Gas Corporation, and J. Baxter Brinkmann, individually, for breach of contract with allegations of fraud. Relator provides marketing services for goods from suppliers primarily in Canada and the United States of America to purchasers in the Peoples Republic of China. In the cause below, relator alleges it provided marketing services for Precision and contracted to receive ten percent of the purchase price of any goods, products, or materials which Precision sold to Chinese corporations. The final written agreement for sale to Daqing Petroleum Administrative Bureau, relator alleged, was in the name of Brinkmann Oil & Gas, rather than Precision. Brinkmann Oil & Gas, according to relator's pleadings, is affiliated with Brinkmann International, which wholly owns Precision.

The real parties in interest filed a request for production of documents and propounded interrogatories seeking discovery of documents concerning all of relator's contractual or potential contractual relationships with suppliers and/or manufacturers of oilfield equipment during 1984 and 1985. Relator timely objected arguing irrelevancy resulting in undue burden and unnecessary expense. The real parties in interest requested a hearing on relator's objections. Respondent conducted a hearing and overruled relator's objections. Relator contends the order constitutes a clear abuse of discretion because the documents respondent ordered it to produce are clearly irrelevant.

Mandamus has traditionally been an extraordinary measure to be used only when a respondent violates relator's clear legal right, *Neville v. Brewster*, 163 Tex. 155, 352 S.W.2d 449, 452 (1961), and when respondent has a clear legal duty to act. *Pat Walker & Co., Inc. v. Johnson*, 623 S.W.2d 306, 308 (Tex.1981). A trial court's action must be so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. A mere error of judgment is not an abuse of discretion. *Loftin v. Martin*, 32 Tex.Sup.Ct.J. 401 (May 27, 1989). Appellate courts will not intervene to control incidental trial court rulings when there is an

adequate remedy by appeal. *State Bar v. Heard*, 603 S.W.2d 829, 833 (Tex.1980).

In the discovery context, however, the supreme court has relaxed the standards for mandamus in two ways: (1) by modifying the interpretation of the "abuse of discretion" ground for mandamus, *e.g., Barker v. Dunham*, 551 S.W.2d 41 (Tex.1977); *Russell v. Young*, 452 S.W.2d 434 (Tex. 1970), and (2) by recognizing the remedy of appeal may not be adequate in the discovery context. *Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex.1984).

■ Despite the apparent relaxation of the "abuse of discretion" standard in mandamus proceedings, we feel we should not substitute our judgment for that of a trial court in a ruling on relevancy. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (1985) ("An appellate court may not substitute its discretion for that of the trial court); *but cf. General Motors Corp. v. Lawrence*, 651 S.W.2d 732 (Tex. 1983) ("We hold Judge Lawrence's discovery order was overly broad.... Surely [such] information ... is not relevant to this action.").

■ We are especially hesitant to hold a trial judge has abused his discretion when the standards governing his decisions are not clearly defined. Not only is relevancy an imprecise concept but a trial judge seeking to follow correct procedures to avoid the constantly increasing threat of mandamus may be at a loss when a litigant challenges a discovery request on the basis of relevancy. Although relator does not fault the procedures respondent followed in rul-

ing on its objections, the proper procedure is uncertain.

Although courts have applied the *Peeples* procedure to objections based on relevancy, *see Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986); *Scrivner v. Casseb*, 754 S.W.2d 354, 356–58 (Tex.App.—San Antonio 1988) (orig. proceeding), it is arguable whether Rule 166b(4) applies to objections in which parties assert irrelevancy. The rule refers to an *"appropriate"* discovery request within the scope of paragraph 2 ... *directly addressed* to the matter." TEX.R. CIV.P. 166b(4) (emphasis added). Paragraph 2 limits the scope of discovery to "any matter which is *relevant* to the subject matter in the pending action...." *Id.* at 166b(1) (emphasis added).

Cassidy & Rice, *Privileges & Discovery, Part Two: Obtaining Discovery Rulings and Review of Those Rulings by Mandamus*, 52 Tex. Bar J. 570, 574 n. 5 (1989).

The discretionary nature of discovery and the amorphous nature of relevancy counsel against appellate court intervention into this discovery process. *See Pat Walker & Co.*, 623 S.W.2d at 308. The motion for leave to file petition for writ of mandamus is overruled.