COLLIER SERVICES CORPORATION, Appellant,

v.

Hon. Homer SALINAS, Judge of the 92nd District Court of Hidalgo County, Texas, Appellee.

No. 13-91-222-CV.

Court of Appeals of Texas, Corpus Christi.

June 19, 1991.

Kevin D. Pagan, McAllen, for appellant.

Ronald G. Hole, McAllen, for appellee.

Before NYE, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

This is an original proceeding for a writ of mandamus. Relator, Collier Services

Corporation complains that the trial court abused its discretion by denying Collier's motion to compel post-judgment discovery under the provisions of Rule 621a in order to obtain information in aid of enforcing the judgment. The trial court originally entered an agreed judgment in favor of Collier and against LaMantia–Cullum–Collier & Company, Inc. (LCC), for $74,956.95. In order to find assets of LCC with which to satisfy the judgment, Collier sent interrogatories asking about other business interests owned by the directors of LCC in order to determine if they may have secreted assets in order to avoid execution. In addition, Collier deposed the corporate representative of LCC and sought information about settlement funds received in a non-related federal suit. LCC refused to provide the requested information, and Collier moved the trial court to compel discovery. The trial court's denial of Collier's motion to compel is the subject of the present petition for writ of mandamus.

■ Collier, however, has also filed an appeal from the same order, asserting that Texas law is unclear whether mandamus or direct appeal is the proper remedy by which to challenge an order concerning Rule 621a post-judgment discovery. Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985). Therefore, we must first determine whether Collier has an adequate remedy by appeal.

■ Initially, we note that there is some disagreement about the appealability of an order rendered in the present type of post-judgment discovery proceeding under Tex. R.Civ.P. 621a. The Texas Rules of Civil Procedure provide two means by which a party may obtain post-judgment discovery in aid of enforcing a judgment. Rule 737 provides the traditional means of bringing a separate proceeding in the nature of a bill of discovery in accordance with the usages of courts of equity. In addition, Rule 621a provides for post-judgment discovery in the same court and suit, and in the same forms and under the same general rules as pre-trial discovery, specifically for the purpose of obtaining information to aid in the enforcement of a judgment. The difference between these two methods of obtaining post-judgment discovery is that Rule 621a discovery is filed ancillary to the main suit, while a Rule 737 bill of discovery is an independent suit. *See Butler v. Stonewall Bank*, 569 S.W.2d 542, 544 (Tex.Civ.App.— Corpus Christi 1978, no writ).

In *Butler*, plaintiff bank obtained a judgment against its debtor defendant and initiated post-judgment discovery under Rule 621a. The debtor then filed a response to the Rule 621a proceeding asserting a separate cause of action against third parties for the amount of the debt. The bank brought a motion to quash the reply, which the trial court granted and the debtor appealed to our court.

We initially analyzed the appealability of Rule 621a discovery orders, stating generally that, while a ruling on a discovery motion filed before or during pending litigation is not appealable, a ruling on a discovery motion brought in a post-judgment action either for a bill of discovery under Rule 737 or for discovery in aid of enforcement of judgment under Rule 621a is final and appealable. *Id.* at 544; *see also Clear Lake City Water Authority v. Winograd*, 678 S.W.2d 740, 742 (Tex.App.— Houston [14th Dist.] 1984, no writ) (an attempted appeal from a pre-trial discovery sanction in which the court cited *Butler* with approval for the proposition that discovery motions in post-judgment bills of discovery are final and appealable, as opposed to their pre-trial counterpart).

However, our discussion of the appealability of Rule 621a discovery orders was not dispositive of the real issue in *Butler*. We concluded that the order quashing the newly asserted claims did not involve discovery, though filed in a discovery proceeding, but that the order was final and appealable because it finally disposed of the newly asserted claims. *Id.* at 545; *see also Transceiver Corp. of America v. Ring Around Products, Inc.*, 581 S.W.2d 712 (Tex.Civ.App.—Dallas 1979, no writ).

However, in *Parks v. Huffington*, 616 S.W.2d 641, 644–45 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), the Court clearly held that Rule 621a provides no authority for granting an appeal from the denial of a motion for post-judgment discovery. The Court reasoned that Rule 621a itself indicates, by applying pre-trial discovery rules to post-judgment discovery, that no appeal lies from an order concerning such discovery. Therefore, the only relief from such an order is either by way of a writ of mandamus or to further seek an order under an appealable Rule 737 bill of discovery. *Id.* at 645.

The Texas Supreme Court has spoken only briefly on the appealability of Rule 621a orders in a footnote to *Arndt v. Farris*, 633 S.W.2d 497, 500 n. 5 (Tex.1982). In *Arndt*, relator brought an original mandamus proceeding to compel the trial court to vacate an order imposing Rule 215a sanctions against him as applied under Rule 621a for his failure to appear at a post-judgment deposition. Relator complained both that the trial court had no jurisdiction to impose sanctions and that the sanctions imposed were improper. The Supreme Court held that the trial court had jurisdiction to impose the sanctions, but refused to review the propriety of the sanctions imposed on the ground that "[a]dequate and effective review of discovery sanctions can be obtained by appeal once the sanctions become part of a final judgment." *Id.* at 500. By footnote 5, the Supreme Court further explained, citing *Parks*, that "[t]rial court orders granting or denying particular post-judgment discovery requests are not appealable until a final judgment is rendered disposing of all issues between the parties." *Id.* at 500; *Parks*, 616 S.W.2d at 644. Although *Arndt* does not explain what the Court meant by a "final judgment" in terms of post-judgment discovery, the footnote concludes that an order imposing monetary sanctions "would be final and appealable when the sanctions are reduced to a judgment and execution is authorized thereon."

Nevertheless, although the terms of the footnote appear somewhat unclear, *Arndt* indicates generally the Supreme Court's acceptance of the *Parks* approach to Rule 621a orders, that they are not final or appealable in themselves. We agree and disavow any suggestion to the contrary in *Butler*. Were we to allow every post-judgment order concerning discovery under Rule 621a to be treated as a separate, final and appealable judgment of the trial court, we would open the door to numerous separate appeals of the type that are disallowed as interlocutory in terms of pre-trial discovery orders. Because an appeal will not lie from the present order, we may review the order under the present petition for writ of mandamus to determine whether the trial judge has abused his discretion. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985).

After receiving a substantial judgment in its favor against LCC, Collier apparently found no assets on which to execute. Thus, Collier began Rule 621a post-judgment discovery in aid of enforcement. The present controversy centers around LCC's refusal to answer two separate requests for discovery, one by interrogatory and the other by deposition question to LCC President Steven LaMantia.

First, Collier began by sending interrogatories to LCC, one of which asked about other businesses with which the directors of LCC were associated, in order to determine if any of LCC's assets had been transferred in order to avoid execution. LCC objected to the interrogatory and refused to answer it on the grounds that the information requested was irrelevant and invaded the directors' right of privacy.

Second, having heard about a suit in federal court in which LCC supposedly received a settlement award, Collier asked LaMantia by deposition question about the terms of that settlement. LaMantia, however, refused to answer any questions about the settlement agreement because of his assertion that the federal court order had made it confidential.

Collier then brought its Motion to Compel and For Sanctions, which the trial court denied after a brief hearing at which neither party presented any evidence. Collier

argues generally that the trial court erred in denying discovery without receiving evidence or requiring LCC to prove its defenses to discovery.

By points of error one, two, four and five, Collier complains that the trial court erred in denying its motion to compel discovery of other businesses with which LCC directors were associated. By Post–Judgment Interrogatory No. 9, Collier asked LCC, with regard to each of its directors for the past five years, for the full name and complete business address of each business in which a director is associated in any way, or by which the director is employed. LCC objected on the grounds that the information requested was not relevant and that it invaded the directors' right of privacy.

■ The burden is on the party seeking to avoid discovery to plead the basis for exemption or immunity and to produce evidence supporting that claim. *State v. Lowry*, 802 S.W.2d 669, 671 (Tex.1991); *Jordan v. Court of Appeals for the Fourth Supreme Judicial District*, 701 S.W.2d 644, 648–49 (Tex.1985); Tex.R.Civ.P. 166b(4). This includes proving that the requested information is irrelevant. *Valley Forge Ins. Co. v. Jones*, 733 S.W.2d 319, 321 (Tex.App.—Texarkana 1987, orig. proceeding).

■ Relevance in the context of post-judgment discovery in aid of enforcement must be viewed in generally the same manner as in ordinary pre-trial discovery, which includes within the scope of proper discovery anything reasonably calculated to lead to the discovery of material evidence. *See Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984); *McAllen State Bank v. Salinas*, 738 S.W.2d 381, 384 (Tex.App.—Corpus Christi 1987, orig. proceeding); *Gordon v. Blackmon*, 675 S.W.2d 790, 793 (Tex.App.—Corpus Christi 1984, orig. proceeding). In the present post-judgment discovery, therefore, material evidence includes any information that would aid in the enforcement of the judgment.

■ Whether the item sought to be discovered is reasonably calculated to lead to the discovery of information that would aid in the enforcement of the judgment, further involves a balancing of the item's probative value and the burden on Collier if discovery is denied, weighed against the burden placed upon LCC if discovery is granted. *See Independent Insulating Glass/Southwest, Inc. v. Street*, 722 S.W.2d 798, 803 (Tex.App.—Fort Worth 1987, orig. proceeding); *Gordon*, 675 S.W.2d at 793.

In addition, the trial judge may protect a party from unduly burdensome or expensive discovery, from harassment or annoyance, and from discovery of privileged matters. *Jampole*, 673 S.W.2d at 573; *McAllen*, 738 S.W.2d at 384; *Gordon*, 675 S.W.2d at 793; *see also Caudillo v. Chiuminatto*, 741 S.W.2d 545, 546 (Tex.App.—Corpus Christi 1987, origi. proceeding).

■ In the present case, Collier sought discovery of the LCC directors' other business interests in order to determine where the assets of this apparently judgment proof corporation might have been transferred. This information was clearly relevant to Collier's post-judgment quest for assets on which to execute.

LCC offered no evidence at the hearing to prove that the information requested was irrelevant or that it would be burdensome or harassing to require LCC to produce it. Therefore, LCC did not carry its burden to prove that the information was not relevant or that it would be too burdensome to require LCC to produce it. *See Caudillo*, 741 S.W.2d at 546; *McAllen State Bank v. Salinas*, 738 S.W.2d 381, 385 (Tex.App.—Corpus Christi 1987, orig. proceeding); *Street*, 722 S.W.2d at 802.

■ As for LCC's claim that the disclosure of its directors' other business interests would violate the right of privacy, neither the Federal Constitution nor our State Constitution expressly mentions any right of privacy. Nevertheless, federal and state courts have recognized a "right of privacy" in a variety of situations in order to protect the rights of individuals both to make certain decisions, without governmental interference, with regard to highly

personal matters, and to prevent unlimited disclosure of personal information. *Tarrant County Hospital District v. Hughes*, 734 S.W.2d 675, 678–79 (Tex.App.—Fort Worth 1987, no writ); *see also Whalen v. Roe*, 429 U.S. 589, 598–600, 97 S.Ct. 869, 875–876, 51 L.Ed.2d 64 (1977) (concerning the privacy of an individual's medical records).

In the present case, however, we can find no right of privacy that would protect LCC or its directors against the disclosure of the other business interests of the directors, nor has LCC provided us with any authority for this novel proposition. No societal interest in protecting the disclosure of other such business interests can be found to override Collier's right to discover LCC's possible transfer of assets in order to avoid execution. *See Hughes*, 734 S.W.2d at 679.

■ The trial court abuses its discretion in preventing discovery when no evidence is presented substantiating the exclusion or privilege claimed. *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986); *Caudillo v. Chiuminatto*, 741 S.W.2d 545, 546 (Tex.App.—Corpus Christi 1987, orig. proceeding). Collier's first, second, fourth and fifth points of error are sustained.

By points of error three and six, Collier complains that the trial court erred in denying its motion to compel discovery of the terms of the settlement agreement. At the deposition, LaMantia testified generally that he thought that the settlement agreement was confidential pursuant to a federal court order, and that he thus would refuse to answer questions about that settlement agreement.

■ The terms of a settlement agreement are properly discoverable under Tex. R.Civ.P. 166b(2)(f)(2), to the extent that they are relevant. *Palo Duro Pipeline Co. v. Cochran*, 785 S.W.2d 455 (Tex.App.—Houston [14th Dist.] 1990, no writ); *see also Nermyr v. Hyde*, 799 S.W.2d 472 (Tex.App.—El Paso 1990, no writ); *Burlington Northern, Inc. v. Hyde*, 799 S.W.2d 477 (Tex.App.—El Paso 1990, no writ). In the present case, LCC's receipt of funds for the settlement of an unrelated suit in federal court would clearly be relevant to Collier's search for assets from which to collect its judgment.

■ As we stated above, it is the burden of the party resisting discovery to show the grounds of its privilege and to present sufficient evidence to establish the privilege or defense. *Lowry*, 802 S.W.2d at 671; *Jordan*, 701 S.W.2d at 648–49; Tex. R.Civ.P. 166b(4). In the present case, La-Mantia and LCC resisted discovery of the terms of the settlement agreement because they asserted that the federal court had ordered these terms to be kept confidential. At the hearing, however, they presented no evidence at all that the federal court in fact ordered that the settlement be kept confidential. There was no testimony about the terms, extent or conditions under which the federal court supposedly ordered that the settlement agreement be kept confidential. Moreover, the federal court order of confidentiality, if one existed, was not tendered to the trial court at the hearing.

■ LCC offered only the assertions of its attorney that the terms of the settlement could not be disclosed because of an order of the federal court that they be kept confidential. Remarks by an attorney during the course of a trial or hearing are not evidence unless the attorney is actually testifying. *See Masinga v. Whittington*, 792 S.W.2d 940 (Tex.1990); *Sunrizon Homes, Inc. v. Fuller*, 747 S.W.2d 530, 533 (Tex. App.—San Antonio 1988, writ denied). We hold that the trial court abused its discretion by considering LCC's unsubstantiated assertions of confidentiality as a basis to deny discovery of the terms of the settlement. *See Weisel*, 718 S.W.2d at 58; *Caudillo*, 741 S.W.2d at 546. Collier's third and sixth points of error are sustained.

We conditionally grant Collier's petition for writ of mandamus directing the trial court to enter an order compelling discovery in accordance with this opinion. We are confident that the trial court will abide by our decision and a writ of mandamus will issue only if the trial court fails to do so.

Dissenting opinion by HINOJOSA, J.

HINOJOSA, Justice, dissenting.

This is an original proceeding arising out of a trial court's post-judgment ruling. The majority holds that the trial court clearly abused its discretion in denying discovery of a confidential settlement agreement and information regarding LCC's (La-Mantia, Collum, & Collier, the real party in interest) directors' involvement with businesses unrelated to LCC. I write separately to express my view that the trial court acted within its discretion in making both decisions. For that reason, I respectfully dissent.

Relator (Collier Services Corporation) sued LCC for breach of contract. Subsequently, it filed a supplemental petition including claims that LCC was the alter ego of Steven LaMantia and Joseph LaMantia, two of the directors, and that assets were being transferred from LCC to other companies held by Steven and Joseph LaMantia. LCC filed a Rule 13 motion alleging that the supplemental pleading was filed in bad faith, and that there was no evidence to support the allegations it contained.[1] Relator then non-suited its supplemental petition, dropping its alter ego theory and the LaMantias from the case.

An agreed judgment was entered requiring LCC to pay relator over $200,000.00. In post-judgment discovery, relator sought to discover whether assets had been fraudulently concealed. For some reason not reflected in the record, relator suspected that certain assets had been transferred to other companies owned by the real party in interest's directors. In an effort to locate such property the following question was submitted:

INTERROGATORY NO. 9

For each person who is a director of the corporation or has been a director as any time in the last five years, please state:

.       .       .       .       .

e. The full name and complete address of each business in which the director is associated in any way, or by which the director is employed.

The real party in interest responded stating that the requested material was not relevant, and not likely to lead to relevant information. The real party in interest did, however, answer the following interrogatory without objection:

INTERROGATORY NO. 30:

Has the money, real property, or other personal property heretofore belonging wholly or partly to the corporation been transferred to—or is it in the possession of—any present or former shareholder, employee, agent, officer, or director of the corporation or any relative (by blood or marriage), friend, or acquaintance of any of them? If so, for each transaction state:

a. A complete description of the transaction.

b. A complete description of the property involved.

c. The full name and complete address of each person involved.

d. The payment or other consideration the corporation received in exchange.[2]

In addition, at a deposition, Steven LaMantia was asked questions regarding the settlement of a federal suit in which LCC was involved. He responded that the settlement was confidential.

Relator filed a motion to compel and for sanctions. The motion sought discovery of the contents of the federal settlement, and an answer to interrogatory 9(e). Attached to the motion was the deposition of Steven LaMantia.

At the hearing the trial court ruled that "Plaintiff is entitled to the corporation's financial records and dealings in their entirety." The court denied the motion to

---

1. Rule 13 provides for sanctions if false or groundless pleadings are filed. *See* Tex.R.Civ.P. 13.

2. The answer to interrogatory 30 was: "The corporation has not transferred any of the above-referenced items other than salaries."

Relator has at no time argued that the real party in interest failed to fully disclose information in its answer to interrogatory 30. There is no record that a motion to compel was filed requesting a more complete answer.

compel and for sanctions. Relator now brings this original mandamus proceeding in an effort to compel production of the requested information.

I agree with the majority's analysis of the jurisdictional issue and write separately only on the merits of this mandamus.

The standards of review an appellate court applies in determining whether to issue a writ of mandamus are well settled. Mandamus issues only to correct a *clear abuse* of discretion. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985); *McAllen State Bank v. Salinas,* 738 S.W.2d 381, 384 (Tex.App.—Corpus Christi 1987 orig. proceeding). An appellate court issuing a writ of mandamus errs when it reverses a trial court on a discretionary ruling unless, under the circumstances of the case, the facts and law permit the trial court to make but one decision. *See Johnson,* 700 S.W.2d at 917; *Pat Walker & Co. v. Johnson,* 623 S.W.2d 306, 308 (Tex.1981). For mandamus to lie, the trial court must be more than wrong, it must have clearly erred. We cannot substitute our judgment for that of the trial court. *Johnson,* 700 S.W.2d at 918.

Mandamus is only appropriate to remedy clearly incorrect discovery rulings. *See Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 553 (Tex.1990); *General Motors Corp. v. Lawrence,* 651 S.W.2d 732, 733 (Tex.1983). Generally, discovery is permitted into any matter not privileged, that is relevant to the subject matter and is "reasonably calculated to lead to the discovery of admissible evidence." *Axelson,* 798 S.W.2d at 553; TEX.R.CIV.P. 166b(2)(a). Although this is a broad standard, discovery is not permitted into irrelevant matters. *See General Motors Corp.,* 651 S.W.2d at 734; *Gordon v. Blackmon,* 675 S.W.2d 790, 793 (Tex. App.—Corpus Christi 1984, orig. proceeding). Generally, the trial court has broad discretion in discovery matters. *See Gordon,* 675 S.W.2d at 793 (discovery is discretionary).

In determining whether the trial court clearly abused its discretion, we must view the court's ruling in the context of the evidence and the circumstances. Some of the circumstances surrounding the court's ruling are overlooked by the majority, and, in my opinion, lead to faulty analysis.

As an initial matter, I believe that the majority errs in failing to consider the fact that the trial court necessarily made its ruling based on all of the events that occurred during this litigation, and not just the arguments presented at the hearing. The trial court has the power and discretion to take judicial notice of its entire file in determining what is relevant. *See McCurry v. Aetna Cas. & Sur. Co.,* 742 S.W.2d 863, 867–68 (Tex.App.—Corpus Christi 1987, writ denied) (trial court may take judicial notice of its own records in same case); *Pitts v. Dallas Nurseries Garden Center, Inc.,* 545 S.W.2d 34, 37 (Tex. Civ.App.—Texarkana 1976, no writ) (post-judgment proceeding); TEX.R.CIV.EVID. 201. This the court may do on its own motion. TEX.R.CIV.EVID. 201(c). For example, in *Keller v. Walker,* 652 S.W.2d 542, 544 (Tex. App.—Dallas 1983, orig. proceeding), the appellate court noted that the trial court properly took judicial notice of evidence and events at a preceeding trial in finding that the relator was able to pay certain costs.

The record and briefs of the parties in the instant case indicate that relator filed a supplemental petition alleging an alter ego theory and fraudulent concealment of assets. This pleading brought the directors in as parties; however, when the Rule 13 motion for sanctions was filed, this pleading was dropped and the directors were no longer parties. When post-judgment proceedings were initiated to discover assets, relator again maintained that assets were fraudulently concealed.

In an effort to discover these alleged assets, interrogatories 30 and 9(e) were propounded. Interrogatory 30, which is set forth above, provided complete discovery of all information regarding the transfer of assets from LCC to any other entity. *The answer indicated that no assets had been transferred, and necessarily indicated that none of the director's other businesses were involved in any prior dealings with LCC.* Nevertheless, relator still

sought information relating to businesses involving the directors by an answer to interrogatory 9(e). This information was sought even though the directors were no longer parties, and all relevant information regarding their businesses was already disclosed in the answer to interrogatory 30. *Thus, any information disclosed would necessarily be irrelevent.*

After the hearing, the court properly ruled that the corporation's financial records and dealings were *discoverable in their entirety.* When the answer to interrogatory 30 is considered, it is clear that the court only denied discovery of the names of businesses with which the directors were involved and that did not involve LCC.

I would hold that it was within the trial court's discretion to determine that all relevant information was all ready disclosed, and that all new information sought in interrogatory 9(e) was not relevant.

This court has previously noted that "the discretionary nature of discovery and the amorphous notion of relevancy most often counsels against appellate court intervention in the discovery process." *Gordon v. Blackmon,* 675 S.W.2d 790, 793 (Tex. App.—Corpus Christi 1984, orig. proceeding) (citing *Pat Walker & Co. Inc.,* 623 S.W.2d at 308). The Fourteenth Court of Appeals has also recognized that it is rarely appropriate for an appellate court to second guess a trial court on a question of relevancy: "we feel we should not substitute our judgment for that of a trial court in a ruling on relevancy." *C–Tran Dev. Corp. v. Chambers,* 772 S.W.2d 294, 296 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding). In the instant case, we are substituting our judgment for that of the trial court on a question of relevancy. This we cannot do in a mandamus proceeding. *Johnson,* 700 S.W.2d at 918 (appellate court may not substitute its judgment for that of the trial court).

In addition, I note that the entire record has not been brought into this court. Relator's burden in this respect is to bring a sufficient record showing that the trial court clearly abused its discretion. As stated above, a ruling on relevance cannot be made in a vacuum; rather, by definition, the trial court must determine relevancy within the context of the entire case—under the totality of the circumstances. Failure to bring the court documents and papers bearing on the subject of relevancy waives the argument that the answers to interrogatory 9(e) are relevant. Thus, as an additional basis for denying the relator's requested relief, I would hold that relator failed to bring a sufficient record to this court to demonstrate that the trial court clearly abused its discretion in finding that the additional information sought by the answer to interrogatory 9(e), which did not concern LCC, was not relevant.

The majority also holds that the record is insufficient to establish that the settlement agreement in the federal case was confidential, and therefore not subject to discovery. The burden at the hearing was on the real party in interest to produce some evidence that the federal settlement agreement was confidential. *See Western Cas. & Sur. Co. v. Spears,* 730 S.W.2d 821, 822 (Tex.App.—San Antonio 1987). The deposition of Steven LaMantia, which, in my view, is part of the record,[3] contains the following:

Q. As you understand it what were the terms of the settlement of that case?

Mr. Hole: Was it confidential?

Mr. LaMantia: Yes it was.

This evidence is clearly sufficient for the trial court to find that the settlement was confidential, and therefore to deny its discovery. Thus, this court errs in finding "no evidence" that the settlement agreement was confidential.

---

**3.** The deposition of Steve LaMantia, a director, was attached to the relator's motion to compel and for sanctions. The majority indicates that the deposition cannot be considered for any purpose because it was not tendered into evidence at the hearing. I disagree. The deposition was attached to the relator's motion to compel and for sanctions. It was part of the court's file, and the focal point of discussion at the hearing. For this reason, I feel that this evidence was properly considered by the trial court.

This court is apparently of the view that the only way to establish that the settlement agreement in the federal case was confidential would be to tender a copy of the agreement for an in camera inspection. I disagree. Although certain privileges may require documentary proof, *see e.g. id.* at 822 (the documents themselves may constitute the only evidence substantiating the claim of attorney-client privilege), in the instant case, testimony by a person with personal knowledge constitutes sufficient evidence of the settlement agreement's confidentiality to bring its compelled discovery within the trial court's discretion. In my view, this evidence adequately supports the trial court's ruling, particularly in view of the trial court's expressed concern for the principle of comity between state and federal courts.[4]

If the relator seeks to establish that the trial court clearly abused its discretion in ruling that the agreement was not discoverable, it was incumbent upon them to establish a sufficient record in this court to prove that fact. Their failure to do so, in my view, has resulted in a waiver of their right to complain in this court.

To summarize, I would deny the writ of mandamus for three reasons. First, there is sufficient evidence supporting the trial court's ruling that the answer to interrogatory 19(e) is irrelevant and unnecessary. Second, relator failed to bring a sufficient record into this court to establish that the trial court clearly abused its discretion in failing to compel an answer to question 9(e). Finally, there is sufficient evidence indicating that the settlement agreement was confidential, and relator failed to establish otherwise. For these reasons I believe this Court should not issue the writ of mandamus. I dissent.

---

**4.** In effect, this court is ordering disclosure of information ordered confidential by a federal court. This Court does not have the power to overturn a federal court's decision in this regard. *See* U.S. CONST. art. VI (Supremacy Clause). If relator seeks discovery of this settlement agreement, it should do so from the federal court.