Opinion issued July 11, 2002












 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00857-CV

____________



IN RE ARBOR HOLDING COMPANY, INC., Relator







Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 By petition for writ of mandamus, relator, Arbor Holding Company, Inc.
(Arbor), challenges the trial court's August 7, 2001 post-judgment discovery order
and its August 27, 2001 order denying Arbor's motion for severance. In three issues,
Arbor argues the trial court erred in: (1) ordering the production of certain bank
records to the real party in interest, The Cadle Company (Cadle), (2) refusing to grant
Arbor's motion to sever, and (3) advising Arbor to file a mandamus proceeding rather
than a direct appeal to challenge the trial court's orders.

 We deny the petition.

Facts and Procedural Background


 Cadle brought the underlying lawsuit to enforce a $375,000 agreed judgment
against John C. Riddle (Riddle), which Cadle purchased from Sunbelt Savings, F.S.B.
(Sunbelt). The 1991 judgment was originally entered in the United States Bankruptcy
Court for the Southern District of Texas-Houston Division. After purchasing the
judgment, Cadle registered it with the 189th Judicial District Court of Harris County
in accordance with the Uniform Enforcement of Foreign Judgments Act. (1)

 Arbor is a corporate subsidiary of the Elizabeth Marenfield 1986 Trust (the
Trust) and is not a party to the lawsuit below. Riddle is the sole beneficiary of the
Trust. As part of the proceeding to enforce its judgment, which Riddle has never
satisfied, Cadle sought discovery of information regarding Riddle's assets. In his
deposition, Riddle testified he works for Arbor, is a signatory on its checking
account, and has written checks to himself from Arbor. Arbor purchased the house
in which Riddle lives and pays the mortgage, property taxes, and homeowners'
insurance premiums for the house. (2) Riddle also testified that Arbor makes the lease
payments, and, occasionally, pays the insurance premiums, on a 1996 Jaguar and a
1999 Chevrolet Tahoe he uses as his personal vehicles. At the time of his deposition,
Riddle had no employment contract or written job description for his consulting work
for Arbor.

 Pursuant to Rule 176 of the Texas Rules of Civil Procedure, (3) Cadle then
subpoenaed the bank account statements, returned checks, and signature cards
pertaining to Arbor from Compass Bank (Compass). Although Compass produced
the records to counsel for Cadle, Arbor objected to their production, and counsel for
Cadle placed them under seal without reviewing them. Cadle then filed a motion for
in camera inspection and requested that the trial court review the records and order
them to be produced. (4)

 The trial court granted Cadle's motion, in part, and ordered certain itemized
records produced. The trial court subsequently denied Arbor's motion to sever the
discovery dispute between Arbor and Cadle from the post-judgment proceedings
pending between Cadle and Riddle.

Standard of Review


 Mandamus is an extraordinary remedy and will issue only to correct a clear
abuse of discretion or violation of a duty imposed by law when that abuse cannot be
remedied by appeal. Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 271 (Tex.
1992). A trial court abuses its discretion when it fails to analyze or apply the law
correctly. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).

 Rule 621a of the Rules of Civil Procedure permits a successful party to initiate
and conduct discovery to obtain information and aid in the enforcement of its
judgment. Tex. R. Civ. P. 621a. As with pre-trial discovery orders, rule 621a orders
"are not final or appealable in themselves." Collier Servs. Corp. v. Salinas, 812
S.W.2d 372, 375 (Tex. App.--Corpus Christi 1991, orig. proceeding). A party may
seek appellate review of such an order by a petition for writ of mandamus to
determine whether the trial court abused its discretion. See id.

 Rule 41 of the Rules of Civil Procedure grants a trial court broad discretion to
sever a lawsuit into separate causes. Tex. R. Civ. P. 41. A petition for writ of
mandamus is the appropriate remedy for a party to seek appellate review of the issue
of severance when there is no adequate remedy by appeal. Liberty Nat'l Fire Ins. Co.
v. Akin, 927 S.W.2d 627, 629 (Tex. 1996). We will not disturb a trial court's decision
to grant or deny a motion for severance, however, unless the court abused its
discretion. Guar. Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658
(Tex. 1990).

Post-judgment Discovery


 In its first issue, Arbor argues the trial court erred in ordering the production
of its bank records to Cadle. As noted above, Cadle sought the records as part of its
post-judgment discovery to attempt to locate and enforce its judgment against
Riddle's assets.

 Arbor contends the trial court erred because the assets of the Trust, as part of
a valid spendthrift trust, are exempt from attachment, execution, and garnishment. 
See Tex. Prop. Code Ann. § 112.035 (Vernon Supp. 2002). Cadle contends
information it has obtained through discovery has demonstrated the Trust is merely
a sham.

 We need not decide the merits of the arguments concerning the validity of the
Trust to determine whether the trial court abused its discretion in ordering the
production of the bank records. The rules governing and related to pre-trial discovery
proceedings apply equally to post-judgment discovery. Tex. R. Civ. P. 621a. 
Discovery is generally permitted of any unprivileged information relevant to the
subject of a lawsuit, whether it relates to a claim or defense of the parties. Tex. R.
Civ. P. 192.3(a). As long as the information sought appears reasonably calculated to
lead to the discovery of admissible evidence, it is not a ground for objection that the
information sought will be inadmissible at trial. Id.

 Cadle presented evidence establishing (1) Riddle's status as sole beneficiary
of the Trust, (2) Arbor's status as a subsidiary of the Trust, (3) Riddle's employment
relationship with Arbor, (4) Arbor's mortgage, insurance, tax, and automobile lease
payments benefitting Riddle, and (5) Riddle's ability to write checks to himself on
Arbor's account. Cadle then sought the production of Arbor's bank records in an
attempt to locate Riddle's assets upon which to execute the judgment. The trial court
ordered Arbor to produce specific documents "evidencing payments from Arbor to
[Riddle] or deposits by [Riddle] into Arbor's account" as itemized in its order of
August 7, 2001. The information sought by Cadle appears reasonably calculated to
lead to the discovery of relevant and admissible evidence, namely, Riddle's assets,
and is, therefore, discoverable. Given the evidence presented in the record, we
conclude the trial court did not abuse its discretion in ordering the production of the
bank records specified in the court's August 7, 2001 order.

 Arbor also argues that the trial court erroneously enforced a federal subpoena
in ordering the production of the bank records. This argument is without merit. The
record clearly indicates Cadle sought production of the records pursuant to a valid
subpoena issued pursuant to Rule 176. Tex. R. Civ. P. 176.

 Arbor further contends, without citation to evidence or authority, that its bank
records are confidential and should not be produced. As noted above, we conclude
the trial court did not err in determining the records at issue are relevant and
discoverable. In addition, in its August 7, 2001 order, the trial court specifically
instructed the parties not to disclose the documents ordered produced to any person
not a party to the underlying lawsuit.

 Finally, Arbor asserts that the affirmative defenses of res judicata and the
statute of limitations bar any attack by Cadle on the agreed judgment. Affirmative
defenses must be pled and proven by the party asserting them. Tex. R. Civ. P. 94. 
Arbor was not a party to the agreed judgment at issue, is not a party to the underlying
lawsuit, and does not have standing to assert an affirmative defense. Here, any such
affirmative defenses may properly be asserted by Riddle, not Arbor.

 We overrule Arbor's first issue.

Severance


 In its second issue, Arbor argues the trial court erred in denying Arbor's motion
to sever its discovery dispute with Cadle from the pending post-judgment proceedings
between Cadle and Riddle.

 As noted above, Rule 41 grants a trial court broad discretion to sever a lawsuit
into separate causes. Tex. R. Civ. P. 41. A claim is properly severable if (1) the
controversy involves more than one cause of action, (2) the severed claim is one that
would be the proper subject of a lawsuit if independently asserted, and (3) the severed
claim is not so interwoven with the remaining action that they involve the same facts
and issues. Horseshoe, 793 S.W.2d at 658. When all the facts unquestionably require
a separate trial or proceeding to prevent a manifest injustice, and the legal rights of
the parties will not be prejudiced, the trial court must grant a severance. In re Ethyl
Corp., 975 S.W.2d 606, 610 (Tex. 1998).

 Here, there is no manifest necessity for a separate proceeding on the discovery
dispute between Arbor and Cadle. Arbor is not a party to the suit, its involvement in
the proceeding is limited to issues of discovery, and its objections to the discovery of
its bank records would not properly be the basis of an independent lawsuit. 

 We conclude the trial court did not abuse its discretion in denying Arbor's
motion for severance. We overrule Arbor's second issue.

Pursuit of Mandamus


 In its third issue, Arbor argues that, at the hearing on Arbor's motion to sever,
the trial court erroneously advised it to pursue a mandamus proceeding to challenge
the court's rulings on the production of Arbor's bank records and the denial of the
motion to sever.

 An appeal may be taken only from a final judgment. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal
if it disposes of all pending parties and claims in the record. Id. The orders Arbor
complains of do not address or dispose of the pending issues between Cadle and
Riddle and are, therefore, not appealable as final judgments. As noted above,
mandamus is the appropriate remedy to seek appellate review of a trial court's post-judgment discovery order and an order granting or denying a motion for severance. 
See Akin, 927 S.W.2d at 629; see Collier, 812 S.W.2d at 375.

 We hold the trial court did not abuse its discretion in advising Arbor, correctly,
to pursue a mandamus proceeding if Arbor chose to seek appellate review of its
orders. We overrule Arbor's third issue.

Cadle's Cross-Issue


 In its response to Arbor's amended petition for writ of mandamus, Cadle
argues, by "cross-issue," that it is entitled to all of the bank records it subpoenaed
from Arbor, not just the specific records the trial court ordered produced, and urges
this Court to modify the trial court's orders accordingly.

 A party seeking extraordinary relief in an appellate proceeding must file a
petition for writ of mandamus. Tex. R. App. P. 52.1. Cadle has not done so. In
addition, the arguments in a party's response to a petition for writ of mandamus "must
be confined to the issues or points presented in the petition." Tex. R. App. P. 524(d). 
Accordingly, we will not consider "cross-issues" raised by Cadle in its response to
Arbor's petition for writ of mandamus.

Conclusion


 We deny Arbor's petition for writ of mandamus.



 Terry Jennings

 Justice


Panel consists of Justices Hedges, Jennings, and Keyes


Do not publish. Tex. R. App. P. 47.
1. See Tex. Civ. Prac. & Rem. Code Ann. § 35.003 (Vernon 1997).
2. Riddle testified the house was purchased for approximately $450,000.
3. Tex. R. Civ. P. 176.
4. See Tex. Fin. Code Ann. § 59.006 (Vernon Supp. 2002).