Opinion issued July 11, 2002












 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00755-CV

____________


ARBOR HOLDING COMPANY, INC., Appellant


V.


THE CADLE COMPANY, Appellee






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2000-33732






O P I N I O N

 Appellant, Arbor Holding Company, Inc. (Arbor), brings this appeal from a
post-judgment discovery order and an order denying Arbor's motion for severance. 
In three issues, Arbor argues the trial court erred in: (1) ordering the production of
certain bank records pertaining to John C. Riddle (Riddle) to appellee, The Cadle
Company (Cadle), (2) refusing to grant Arbor's motion to sever, and (3) advising
Arbor to file a mandamus proceeding rather than a direct appeal to challenge the trial
court's orders.

 We dismiss for want of jurisdiction.

Facts and Procedural Background


 Cadle brought the underlying lawsuit to enforce a $375,000 agreed judgment
against John C. Riddle (Riddle), which Cadle purchased from Sunbelt Savings, F.S.B.
(Sunbelt). The 1991 judgment was originally entered in the United States Bankruptcy
Court for the Southern District of Texas-Houston Division. After purchasing the
judgment, Cadle registered it with the 189th Judicial District Court of Harris County
in accordance with the Uniform Enforcement of Foreign Judgments Act. (1)

 Arbor is a corporate subsidiary of the Elizabeth Marenfield 1986 Trust (the
Trust) and is not a party to the lawsuit below. Riddle is the sole beneficiary of the
Trust. As part of the proceeding to enforce its judgment, which Riddle has never
satisfied, Cadle sought discovery of information regarding Riddle's assets. In his
deposition, Riddle testified he works for Arbor, is a signatory on its checking
account, and has written checks to himself from Arbor. Arbor purchased the house
in which Riddle lives and pays the mortgage, property taxes, and homeowners'
insurance premiums for the house. (2) Riddle also testified that Arbor makes the lease
payments, and, occasionally, pays the insurance premiums, on a 1996 Jaguar and a
1999 Chevrolet Tahoe he uses as his personal vehicles. At the time of his deposition,
Riddle had no employment contract or written job description for his consulting work
for Arbor.

 Pursuant to Rule 176 of the Texas Rules of Civil Procedure, (3) Cadle then
subpoenaed the bank account statements, returned checks, and signature cards
pertaining to Arbor from Compass Bank (Compass). Although Compass produced
the records to counsel for Cadle, Arbor objected to their production, and counsel for
Cadle placed them under seal without reviewing them. Cadle then filed a motion for
in camera inspection and requested that the trial court review the records and order
them to be produced. (4)

 The trial court granted Cadle's motion, in part, and ordered certain itemized
records produced. The trial court subsequently denied Arbor's motion to sever the
discovery dispute between Arbor and Cadle from the post-judgment proceedings
pending between Cadle and Riddle.

Jurisdiction


 Because Arbor challenges two interlocutory orders of the trial court, we must
first determine whether we have jurisdiction to consider this appeal. An appeal may
be taken only from a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all
pending parties and claims in the record. Id.

 It its first issue, Arbor argues the trial court erred in ordering the production of
the bank records to Cadle. As noted above, Cadle sought the records as part of its
attempt to discover assets against which it could enforce its judgment. Rule 621a of
the Rules of Civil Procedure permits a successful party to initiate and conduct
discovery to obtain information and aid in the enforcement of its judgment. Tex. R.
Civ. P. 621a. The judicial supervision of post-judgment discovery proceedings is the
same as for pre-trial discovery. Id.

 As with pre-trial discovery orders, rule 621a orders "are not final or appealable
in themselves." Collier Servs. Corp. v. Salinas, 812 S.W.2d 372, 375 (Tex.
App.--Corpus Christi 1991, orig. proceeding). "Trial court orders granting or
denying particular postjudgment discovery requests are not appealable until a final
judgment is rendered disposing of all issues between the parties." Arndt v. Farris,
633 S.W.2d 497, 500 n.5 (Tex. 1982) (citing Parks v. Huffington, 616 S.W.2d 641,
644-45 (Tex. Civ. App.--Houston [14th Dist.] 1981, writ ref'd n.r.e.)). Here, the trial
court's August 7, 2001 discovery order did not dispose of the pending claims between
Cadle and Riddle and was not a final judgment.

 In its second issue, Arbor argues the trial court erred in denying Arbor's motion
to sever its claims from the dispute between Cadle and Riddle. Rule 41 of the Rules
of Civil Procedure grants a trial court broad discretion to sever a lawsuit into separate
causes. Tex. R. Civ. P. 41. On appeal, we will not disturb a trial court's decision to
grant or deny a motion for severance unless the court abused its discretion. Guar.
Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990). 
Again, however, the trial court's decision to deny Arbor's motion to sever did not
dispose of the pending claims between Cadle and Riddle and was not a final
judgment.

 In its third issue, Arbor asserts that, at the hearing on Arbor's motion to sever,
the trial court erroneously advised it to file a mandamus proceeding to challenge the
court's rulings on the production of Arbor's bank records and the denial of the motion
to sever. We note that, although appeal will not lie from a rule 621a order, a party
may seek appellate review of such an order by a petition for writ of mandamus to
determine whether the trial court abused its discretion. See Collier, 812 S.W.2d at
375. In addition, a petition for writ of mandamus is the appropriate remedy for a
party to seek appellate review of the issue of severance when there is no adequate
remedy by appeal. Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627 (Tex. 1996).

Conclusion


 Neither of the orders challenged by Arbor is final and they are, therefore, not
appealable. Therefore, we lack jurisdiction to consider Arbor's appeal. However, as
the trial court correctly advised, both orders may be reviewed in the parallel
mandamus proceeding filed by Arbor.

 We dismiss the appeal for want of jurisdiction.



 Terry Jennings

 Justice



Panel consists of Justices Hedges, Jennings, and Keyes


Do not publish. Tex. R. App. P. 47.
1. See Tex. Civ. Prac. & Rem. Code Ann. § 35.003 (Vernon 1997).
2. Riddle testified the house was purchased for approximately $450,000.
3. Tex. R. Civ. P. 176.
4. See Tex. Fin. Code Ann. § 59.006 (Vernon Supp. 2002).