NO. 07-03-0324-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 12, 2003

_____

IN RE GLEN D. AARON, II, RELATOR

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator Glen D. Aaron, II, appearing *pro se*, filed on July 22, 2003, a petition

seeking a writ of mandamus directing the honorable Andrew Kupper, opposing counsel

James Killion, and opposing party Ronnie Lee Morgan to "rescind in its entirety" an order

issued by Judge Kupper[1] on July 18, 2003,[2] in a post-judgment proceeding.[3] For the reasons stated below, we dismiss the petition in part and deny the remainder.

As is often the case in mandamus proceedings, the facts surrounding this dispute are not fully developed in the record. The limited record before us shows that relator, a lawyer, was the trustee and "residual beneficiary" of a trust created by Ronnie[4] in 2001, named the 657 Trust. On April 19, 2003, Ronnie's wife, Jacqueline Spenser Morgan, represented by Killion, brought suit in Lubbock County seeking a declaration that the trust was invalid, for an accounting, and for return of property held by relator as trustee. Relator is a party to that suit.

On May 8, Judge Kupper signed a judgment, to which Ronnie, Killion (on behalf of Jacqueline) and relator agreed, declaring the trust void. The judgment also directed relator

---

[1]Sitting by assignment in the 99th District Court of Lubbock County.

[2]Relator's petition addressed an oral order of the trial court issued following a hearing conducted July 18. On August 4, 2003, though, relator filed with this court an uncertified photocopy of an unsigned but conformed copy of an order also containing the rulings of which relator complains, dated July 22, 2003. Although relator's belated supplementation of his petition does not meet the requirements of the rules of appellate procedure, *see* Tex. R. App. Proc. 52.3(j)(1)(A) (Vernon Supp. 2002), we have considered the written order. Our disposition of relator's petition would be the same, with or without the trial court's July 22 written order.

Relator's petition for writ of mandamus also requested temporary relief. We denied his request for temporary relief on July 22, 2003.

[3]Relator has also filed a "motion for leave to file a petition for writ of mandamus." Under the Rules of Appellate Procedure in effect since 1997, an original proceeding seeking a writ of mandamus is initiated by the filing of a petition. Tex. R. App. Proc. 52.1. No motion for leave to file is required and we need not address that document.

[4]To distinguish Ronnie Lee Morgan from his wife Jacqueline Spenser Morgan, we will refer to them by their first names.

2

to provide Jacqueline with an accounting and to "deliver possession to [Jacqueline] all assets and all documentation and evidence regarding assets and liabilities" of the trust. Relator's petition recites that he conveyed to Jacqueline all the real estate and vehicles he held as trustee, but did not produce "financial disclosures and activities" of the trust, claiming the protection from self incrimination provided by the Fifth Amendment to the U.S. Constitution and Article I, Section 10 of the Texas Constitution. Within days of the judgment, Jacqueline died.

Killion filed a motion to compel and for sanctions in the trial court on July 2, complaining that relator had failed and refused to comply with his obligations under the May 8 judgment, and asking the court, on hearing, to order relator to comply fully with the obligation to provide the accounting, documentation and evidence of assets and liabilities. The motion also asked for attorneys fees and other sanctions. Killion also undertook post-judgment discovery. He noticed relator for deposition on July 15, via a notice that also called for the production of documents, and caused a subpoena duces tecum[5] to be issued. The motion, deposition notice and subpoena were served on relator on July 3, a Thursday. Killion signed the deposition notice as attorney for Ronnie (who also was a party) and for Jacqueline's estate.

On July 8, relator filed a motion to quash and for protective order, which asserted that the information sought by Killion's clients was protected by lawyer-client privilege because relator had previously represented Ronnie, and that relator needed time to retain

---

[5]The copies of the subpoena in the record before us, though, contain an apparent error, directing relator's appearance on "Tuesday July 5, 2003."

3

counsel for himself because of the conflicts of interest raised by the subpoena and the deposition notice.

Killion sent a letter dated July 10 to relator stating that Killion had represented Ronnie for "a substantial period of time," and demanding documents concerning relator's representation of Ronnie. The letter stated that Killion had Ronnie's "permission to extend to you his consent to distribute" the documents to Killion.

Relator did not appear for the deposition or provide any documents on July 15. Killion's motion to compel and for sanctions, and relator's motion to quash and for protective order, were heard by the trial court on July 18.[6]  At the hearing, Killion sought to question relator about whether he had given documents sought by Killion's clients to the Federal Bureau of Investigation after he had received the deposition notice. Relator refused to answer any questions, asserting his Fifth Amendment right against self-incrimination.

The court granted the motion to compel. The record presented with relator's petition did not contain a written order reflecting the court's rulings, and the precise terms of the court's order were not clear from the court's statements from the bench, as reflected in the reporter's record. The court's written order, apparently signed July 22, though, required relator to produce the documents and tangible things requested in the subpoena duces

---

[6]The reporter's record of the July 18 hearing reflects only that Killion's motion to compel and for sanctions was called for hearing, but we accept relator's statement in his petition for mandamus that Judge Kupper heard both matters.

4

tecum and to appear for deposition at Killion's office at 9:00 a.m. on July 23, 2003.[7] The court did not declare relator could not continue to exercise his Fifth Amendment right at the deposition. The court also assessed $2,000 as attorneys fees and other reasonable expenses related to the motion to compel "and/or as just sanctions" against relator for his refusal to comply with the May 8 judgment. According to the reporter's record of the July 18 hearing, the court did not directly address the merits of relator's motion to quash and for a protective order, finding that the motion was untimely filed.

A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no adequate remedy by law. *See Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). Mandamus will not issue when a clear and adequate remedy at law exists, such as a normal appeal. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). When an appellate remedy exists, mandamus relief will be warranted only in the event the relator demonstrates truly extraordinary circumstances. *In re Masonite Corp.*, 997 S.W.2d 194, 198-99 (Tex. 1999) (orig. proceeding). It is the relator's burden to show entitlement to the relief being requested. *See generally Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig.

---

[7]Although Killion's motion to compel and for sanctions was couched in terms of a motion to compel discovery and cited Rule 215a(b) of the Rules of Civil Procedure, the substance of the motion complained of relator's failure to comply with the terms of the May 8 judgment. Further, the motion to compel was filed on July 2, before relator even received the deposition notice, raising the question whether the motion can properly be treated as complaining of relator's failure to appear at the deposition on July 15. Relator did not raise such an issue at the July 18 hearing, nor does he make such an argument in this court. For purposes of our consideration of relator's petition, we assume without deciding that the trial court's July 18 hearing was a proper exercise of its power to enforce its May 8 judgment. See Tex. R. Civ. Proc. 308; Tex. Civ. Prac. & Rem. Code § 21.001(a).

5

proceeding). Merely showing reversible error will not satisfy this requirement. *In re Masonite Corp.*, 997 S.W.2d at 198-99. Nor will merely showing that appeal will involve more expense or delay than obtaining a writ of mandamus. *Canadian Helicopters Ltd.*, 876 S.W.2d at 306. The second requirement for mandamus relief is met only when a party is in danger of permanently losing substantial rights if the ruling of the trial court is allowed to stand. *Id.*

We first address the attorneys fees sanction. Relator argues that the court's order imposing the sanction was an abuse of discretion because there was no evidence to support it. We do not reach the merits of relator's argument because he has an adequate remedy by appeal. Mandamus is not an available remedy for monetary sanctions imposed during post-judgment proceedings such as these because review is available by appeal when the sanctions become part of a final judgment on which execution is authorized. *Arndt v. Farris*, 633 S.W.2d 497, 500 n.5 (Tex. 1982); *see Collier Services Corp. v. Salinas*, 812 S.W.2d 372, 375 (Tex.App.–Corpus Christi 1991, orig. proceeding); see generally 5 Roy W. McDonald & Elaine A. Carlson, Texas Civil Practice, Sec. 31:10 (West 1999). *Braden v. Downey*, 811 S.W.2d 922 (Tex. 1991) (orig. proceeding), cited by relator, involves a sanction imposed for pre-judgment discovery abuse; our conclusion here, though, is consistent with the holding of *Braden*.

We also must deny relator's petition with respect to the trial court's orders that he appear in Killion's office for deposition and produce documents. The most obvious reason why mandamus relief must be denied is that the primary issue presented is moot. Relator filed his petition four days after the July 18 hearing but less than 24 hours before he was

6

to be deposed. The record before us leads to the conclusion that the deposition has now taken place and the writ sought by relator would therefore have no effect.

There are additional reasons why the petition must be denied. Relator's petition does not directly ask that we order the trial court to consider the merits of his motion to quash and for a protective order. Nonetheless, he contends that the court was wrong to rule that the motion was filed untimely.[8] Although, on the face of the record before us, it appears that relator's contention may be correct on this issue,[9] neither of the grounds asserted in relator's motion would provide a basis for the mandamus relief relator seeks. The motion first asserted that information sought by Killion's clients was protected by the lawyer-client privilege. Tex. R. Evid. 503. A motion for protection is not the preferred method of asserting a privilege under the discovery rules, but moving for protection does not waive the later assertion of privilege. Tex. R. Civ. Proc. 192.6. We do not understand the court's order to rule that the documents Killion's clients sought were not privileged, nor to have preempted any party to the proceeding from obtaining the trial court's ruling on

---

[8]It may be that the trial court implicitly denied relator's motion by his ruling on the motion to compel. *See, e.g., Restaurant Teams Intern., Inc. v. MG Securities Corp.*, 95 S.W.3d 336, 338 (Tex.App.--Dallas 2002, no pet.). Our disposition of relator's petition would be no different, though, whether the trial court denied relator's motion or found it untimely.

[9]Under Rule of Civil Procedure 621a, the rules applicable to pre-trial discovery also apply to discovery conducted post-judgment. Rule of Civil Procedure 199.4 allows a party or witness to object to the time or place of an oral deposition by a motion to quash "if the motion is filed by the third business day after service of the notice[.]" The record reflects that relator was served on July 3. The following day was July 4, a national holiday. *See* Tex. Govt. Code Ann. § 662.003(a)(5) (Vernon 1994). The 5th and 6th were Saturday and Sunday, making Monday the 7th the first business day after service. Relator's motion was filed on the 8th, the second business day after service.

claims of privilege. *See* Tex. R. Civ. Proc. 193.3 and 193.4.[10] The second basis for relator's motion to quash and for protective order was his need for time to retain counsel. Although he filed his mandamus petition *pro se*, relator was represented by counsel at the July 18 hearing, and voiced no objection to proceeding with the hearing.

Relator also argues that the trial court's order deprived him of his right against self incrimination under the Fifth Amendment. We cannot agree. The record does not reflect that the court ordered relator to testify in violation of his Fifth Amendment rights. In fact, the court did not order relator to testify at all. Concerning the deposition, at the hearing the court stated only, "Also, I don't know how you're going to handle the deposition if he's going to claim the Fifth Amendment and all, but he still has to appear." The court's written July 22 order requires only that relator "present himself for oral deposition" at the stated time and place.

Relator's petition asks that we issue a writ of mandamus to Killion and his client Ronnie Lee Morgan as well as to Judge Kupper. This court's writ power is established, and limited, by Section 22.221 of the Government Code. (Vernon 1998 & Supp. 2003). Except as otherwise necessary to enforce our jurisdiction, that section authorizes the court

---

[10]We also do not suggest that relator's claims of privilege are necessarily valid. That question is not before us, but we note that relator relies on *West v. Solito*, 563 S.W.2d 240 (Tex. 1978) (orig. proceeding), to support the proposition that a "deposition should proceed in a manner that would preserve relator's right of confidentiality." *West* does not support relator's premise that he necessarily has a right of confidentiality in the information sought. In *West*, the relator was the client seeking to assert her privilege against disclosure of information by a third party. 563 S.W.2d at 243. It is well established that the lawyer-client privilege belongs to the client, not the lawyer. *See* Tex. R. Evid. 503(c); *Avary v. Bank of America*, 72 S.W.3d 779, 801 (Tex.App.--Dallas 2002, no pet.); *Sanford v. State*, 21 S.W.3d 337, 342 (Tex.App.--El Paso 2000, no pet.).

to issue writs of mandamus to judges, not parties or their counsel. We have no authority to issue a writ in this instance to Killion or his client.

Insofar as relator's petition seeks a writ of mandamus addressed to James Killion or Ronnie Lee Morgan, it is dismissed for want of jurisdiction. The petition for a writ of mandamus addressed to Judge Kupper is denied.

Per Curiam