Norman KESSELL, Thomas McGinnis and Warren Kuberry, Relators,

v.

Honorable Wayne BRIDEWELL, Judge, 249th District Court, Johnson County, Texas, Respondent.

No. 10–94–030–CV.

Court of Appeals of Texas, Waco.

March 23, 1994.

Katherine J. Gilliam, Beard & Kultgen, Waco, Jenks Garrett, Garrett & Holland, Ar-

lington, John MacLean & Dan Boulware, MacLean & Boulware, Cleburne, for plaintiffs, real parties in interest.

Mike Morris and Dimitri Zgourides, Tekell, Book, Matthews & Limmer, L.L.P., Houston, for relators.

Dennis W. Bridewell, Cleburne, respondent.

Before CUMMINGS and VANCE, JJ., and JOHN A. JAMES, J. (Retired).

## OPINION

VANCE, Justice.

In this mandamus proceeding, we must decide (1) whether non-parties asserting their rights of privacy in documents that are otherwise discoverable have standing to seek mandamus review of an adverse order and (2) whether the employees of an insurance company have established their privacy interests in their employer's "performance-evaluation records" to an extent sufficient to prevent disclosure to the plaintiffs in a bad-faith suit. Because we find that the employees have standing but have not established their privacy interests in the records in question, we deny the petition for writ of mandamus.

## FACTUAL BACKGROUND

Relators, Norman Kessel, Thomas McGinnis and Warren Kuberry, employees of Safeco Insurance Company of America, seek relief from an order entered by the Honorable Wayne Bridewell allowing discovery of their performance-evaluation records. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 1988); TEX.R.APP.P. 121. Safeco and Kessel are defendants in a suit in the 249th Judicial District Court brought by the real parties in interest in this proceeding, Ernest T. Wightman and Dorothy Wightman, Individually and on behalf of the Estate of Jennifer Leigh Wightman. The Wightmans sued Safeco for underinsured motorist's benefits (UIM claim) after their daughter died in an automobile accident with a drunk driver that occurred in September 1987. They sued Safeco and Kessel for bad faith in the handling of the UIM claim. Respondent has ordered that separate trials be held on the Wightmans' contract and tort claims.

Relators—employees who played a part in the denial of the Wightmans' UIM claim—fought production of the performance-evaluation records in the trial court and, when Respondent ordered them produced after an *in camera* inspection, filed a motion for leave to file a petition for writ of mandamus in this court. They assert that Respondent abused his discretion in ordering that the records be turned over to the Plaintiffs because the records would be irrelevant to any of the Wightmans' claims and because the contents of the records are protected by the employees' constitutionally-based privacy interests.

## STANDING

The Wightmans first urge us to hold that Relators do not have standing to assert their position in this court. After Safeco objected to production of the employees' records, the court held a hearing, and Safeco agreed to tender the records for an *in camera* inspection.[1] The employees then appeared through their own attorney to further object to production of the records on privacy and relevancy grounds, and the court held another hearing. After the court ordered the records produced, the employees sought relief in this court.

■ Kessel is a party to the underlying suit; McGinnis and Kuberry are not. Rule 166b(4) and (5), relating to objections and protective orders, speak of "a party," "a party to discovery," and "any person against or from whom discovery is sought." TEX. R.CIV.P. 166b(4), (5). The performance evaluation records were sought from Safeco, a party, not from McGinnis and Kuberry.

We have found no case in which a non-party has been granted standing to assert a right of privacy in records in the possession

---

1. Although we granted Safeco leave to file a petition for writ of mandamus complaining of other orders issued by Respondent, the company did not bring the employees' privacy claims to this court. We denied the petition in an unpublished opinion. *Safeco Insurance Company of America v. Hon. Wayne Bridewell, Judge,* No. 10–94–029–CV (Tex.App.—Waco 1994, orig. proceeding).

of and belonging to another. The cases cited by Relators involve (1) persons in possession of documents asserting their own rights or (2) persons in possession of documents asserting rights *on behalf of* other persons. *See, e.g., Peeples v. Hon. Fourth Supreme Judicial Dist.,* 701 S.W.2d 635, 636 (Tex. 1985) (orig. proceeding) (corporation and its president asserting privilege on behalf of the corporation); *Industrial Foundation v. Texas Indus. Acc. Bd.,* 540 S.W.2d 668, 678–81 (Tex.1976) (Industrial Accident Board's statutory authority to assert right of privacy of claimants' whose files were in its custody); *Tarrant County Hosp. Dist. v. Hughes,* 734 S.W.2d 675, 677 (Tex.App.—Fort Worth 1987, orig. proceeding) (hospital asserting privacy rights of its blood donors); *Channel Two Television Co. v. Dickerson,* 725 S.W.2d 470, 471 (Tex.App.—Houston [1st Dist.] 1987, orig. proceeding) (television station asserting free-speech and free-press rights of its reporter).

■ Nevertheless, we believe that the terms "party," "party to discovery," and "person against or from whom discovery is sought" are broad enough to include McGinnis and Kuberry. *See* TEX.R.CIV.P. 166b(4), (5). It would be incongruous for us to hold that Safeco can assert a claim of privacy on behalf of its employees but that the employees themselves have no standing to assert a constitutional claim that is personal to them. Thus, we hold that one who challenges discovery in the trial court by asserting a constitutional claim of the right of privacy has standing to seek relief from an adverse order by applying for leave to file a petition for writ of mandamus.

### THE RECORDS

The Wightmans' bad-faith cause of action is founded upon the manner in which their UIM claim was handled. Neither party contends that the records are discoverable for the trial of the contract claims. Because Respondent has ordered that the contract claims be tried separately from the tort claims and plaintiffs' counsel has represented that the contract claims will be tried first, we are not concerned with discoverability for that trial. Counsel for the employees have

argued that, while the evaluations might be discoverable on the tort claims if they expressly mentioned the handling of the Wightmans' claim, the records make no mention of the claim.

### STANDARD OF REVIEW

■ Mandamus is the proper remedy to correct the violation of a duty imposed by law when there is no other adequate legal remedy. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding). On mandamus review of a trial court's determination of legal principles, failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion that may result in appellate reversal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). In determining whether the trial court abused its discretion in denying the privacy claims, we will treat the decision as a legal conclusion to be reviewed with limited deference to the trial court. *See id.* Using this analysis, an abuse of discretion will be found if the trial court's interpretation of the law was erroneous. *See id.*

■ To determine whether the writ should issue, we must also determine whether Relators have an adequate remedy by appeal. *See id.* Mandamus will not issue where a clear and adequate remedy at law, such as a normal appeal, exists. *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 919 (Tex.1991) (orig. proceeding). "Without this limitation, appellate courts would 'embroil themselves unnecessarily in incidental pre-trial rulings of the trial courts' and mandamus 'would soon cease to be an extraordinary writ.'" *Walker,* 827 S.W.2d at 842 (citing *Braden v. Downey,* 811 S.W.2d 922, 928 (Tex.1991)). "Interference is justified only when parties stand to lose their substantial rights." *Id.* (citing *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648 (1958)). Cost or delay of having to go through the trial and appellate process does not make the remedy at law inadequate. *Id.* (citing *Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 59 (Tex. 1991)).

## WAIVER

■ The Wightmans urge us to hold that Relators waived their objections because they did not file them within the thirty days required by the rules. *See* TEX.R.CIV.P. 167. Because Respondent allowed them to present their objections at a hearing, we will not address the waiver question.

## ADEQUATE REMEDY AT LAW

■ Once an order disclosing the records had been carried out, Relators would have no means to regain their privacy, even if they won an appeal.[2] We hold that an appeal is not an adequate remedy to relieve one from the effects of an order requiring disclosure of information protected by constitutional privacy rights. *See Methodist Home v. Marshall*, 830 S.W.2d 220, 223 (Tex.App.—Dallas 1992, orig. proceeding).

## PRIVACY RIGHTS

"A court order which compels or restricts pretrial discovery constitutes State action which is subject to constitutional limitations." *Tarrant County Hosp. Dist.*, 734 S.W.2d at 679 n. 3 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)).

■ Evidence is generally discoverable under our rules of procedure. *Peeples*, 701 S.W.2d at 637. However, Rule 166b(4) recognizes the right to seek to exclude documents on the basis of *personal, constitutional, or property rights*. TEX.R.CIV.P. 166b(4). Relators had the burden of producing evidence in the trial court that supported their assertions of privacy. *See Loftin v. Martin*, 776 S.W.2d 145, 147 (Tex.1989) (orig. proceeding); *Methodist Home*, 830 S.W.2d at 224; *State Farm Mut. Auto. Ins. Co. v. Engelke*, 824 S.W.2d 747, 749 (Tex.App.— Houston [1st Dist.] 1992, orig. proceeding); TEX.R.CIV.P. 166b(4). Absent such proof, they have failed to establish an abuse of discretion. *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986) (orig. proceeding).

■ In *Industrial Foundation of the South v. Texas Industrial Accident Board, et al.*, the Board refused to release information concerning workmen's compensation claimants, asserting a constitutional right of privacy on behalf of the claimants whose files were in its custody. *Industrial Foundation*, 540 S.W.2d at 679. Our Supreme Court recognized two meanings for the term "right of privacy." *Id.* The first concerns "the ability of individuals to determine for themselves whether to undergo certain experiences or to perform certain acts—*autonomy*." *Id.* The second—involved here—is "the ability of individuals 'to determine for themselves when, how, and to what extent information about them is communicated to others'—the right to control information, or *disclosural privacy*." *See id.* "Just as the State's intrusion into the individual's zones of privacy must be carefully limited, so must the State's right to reveal private information be closely scrutinized as well." *Id.* Marital relations, procreation, contraception, family relationships, and child rearing and education are among the interests that deserve constitutional protection. *Id.* at 680. An individual's medical records have also been declared to be within a zone of privacy protected by the Federal Constitution. *Tarrant County Hosp. Dist.*, 734 S.W.2d at 679.

Relators did not testify at the hearing. The only witness was Randall Day, who is the claims manager for Safeco. Day testified that he was McGinnis' and Kuberry's supervisor and, as such, conducted the performance reviews of those employees. Kuberry, as his supervisor, would have conducted Kessel's performance review. Day testified that the reviews are "confidential," *i.e.*, they are not available to other employees of Safeco, and that the discussions with the employees include salary, personal and professional goals for and with the company, grooming, and professionalism. He said that the performance-evaluation records do not mention the Wightmans' claims in any way.

To obtain protection, the party resisting discovery must show "a particular, articulated and demonstrable injury, as opposed to conclusory allegations." *Garcia v. Peeples*,

2. As my son Bill is fond of saying, "You can't unring a bell."

734 S.W.2d 343, 345 (Tex.1987) (orig. proceeding). Although information contained in employment records might, under some circumstances, be included within the protected zone of privacy, Relators did not establish in the trial court that they had such a privacy interest in the information contained in the records as to compel non-disclosure. Thus Respondent acted within his discretion, and mandamus will not lie. *See Walker*, 827 S.W.2d at 839–40.

RELEVANCY

We now turn to Relators' assertion that the records are not relevant to any issue to be tried. In doing so we do not necessarily recognize the standing of McGinnis and Kuberry to make this argument—it is sufficient that Kessel, as a party, has standing to do so. We have already stated that, because of the separate trials order, we are not concerned with the trial of the contract claims. We will discuss whether the records are discoverable in the tort suit.

 Courts liberally construe the "relevant to the subject matter" and "reasonably calculated to lead to admissible evidence" tests that are part of Rule 166b. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990) (orig. proceeding); TEX.R.CIV.P. 166b(2)(a). The purpose of liberal construction is to allow litigants to obtain the fullest knowledge of the facts and issues before trial. *Axelson, Inc.*, 798 S.W.2d at 553. Admissibility is not the test. *Id.* The issue is whether the information sought is reasonably calculated to lead to admissible evidence. *Id.*

 The trial judge has broad discretion in determining questions of discovery. *Loftin*, 776 S.W.2d at 146. Respondent was justified in determining that the performance-evaluation records might assist the plaintiffs in discovering other evidence in Safeco's possession that would be admissible in support of their claims of bad-faith on the part of Kessel or the company. Having held that Relators did not establish a privacy-rights reason to withhold the records from plaintiffs, we cannot say that Respondent abused his discretion in allowing them to be discovered. *See id.; Walker*, 827 S.W.2d at 839–40.

CONCLUSION

In arriving at our conclusion, we assume that Respondent will not deliver the records to the plaintiffs before the trial of the contract claims. Because Relators have not demonstrated that Respondent abused his discretion in ordering that the performance-evaluation records are discoverable, we deny the petition for writ of mandamus.