Danny HUMPHREYS, Harlan Holiner, and State Farm Mutual Automobile Insurance Company, Relators,

v.

The Honorable Neil CALDWELL, Judge, 23rd Judicial District Court, Matagorda County, Texas, Respondent.

No. 13–94–298–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 25, 1994.

Mark A. Ticer, Dallas, for intervenor.

Gary D. Lykins, John K. Dunlap, Benton J. Barton, Dallas, for relators.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

By the present mandamus proceeding, relators, Danny Humphreys, Harlan Holiner, and State Farm Mutual Automobile Insurance Company (collectively "State Farm"), complain that the trial court abused its discretion in ordering the production of certain documents and other information in the course of discovery. We granted relators' motion for leave to file petition for writ of mandamus. We are now of the opinion that the motion for leave to file petition for writ of mandamus was improvidently granted.

Following a 1991 automobile collision in Dallas between the real party in interest, Charlotte Farley, and Jill Mullinax, Farley asserted a claim for her injuries against Mullinax and State Farm, Mullinax's liability insurance carrier. Farley sued Mullinax in Dallas County, but quickly settled and dismissed that lawsuit. Farley also sued State Farm in the underlying Matagorda County suit based on allegations of bad faith and unfair settlement practices under Texas Insurance Code article 21.21.

State Farm moved for summary judgment on the ground that it had no duty to Farley under article 21.21. *See Allstate v. Watson*, 876 S.W.2d 145 (Tex.1994) (third-party claimant lacks standing to sue other driver's insurer directly for unfair claim settlement practices). The trial court denied summary judgment and discovery continued in the underlying lawsuit. Farley requested numerous documents in State Farm's claims file concerning the lawsuit against Mullinax. Farley also sought to discover other lawsuits and complaints against State Farm, and requested production of certain personnel files. State Farm objected to discovery of the claims file on various grounds including attorney-client privilege, work product, party communication, and harassment. State Farm also objected to discovery of other lawsuits and complaints against it and to production of the personnel files. The trial court overruled State Farm's objections and allowed the discovery sought by Farley, from which State Farm brings the present mandamus proceeding.

## CLAIMS FILE

■ State Farm initially asserts that the trial court abused its discretion in ordering production of the claims file because the underlying lawsuit against it is invalid and thus any discovery would be unnecessary and irrelevant. We disagree.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Generally, the courts of appeals lack jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. *See Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex.1994); *Abor v. Black*, 695 S.W.2d 564, 566 (Tex.1985); *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969).

In the present case, the trial court's denial of State Farm's motion for summary judgment was an interlocutory ruling that is subject to neither an immediate appeal nor mandamus relief. Though Farley may in fact have no legal right to relief against State Farm, this determination must be made through the normal process of trial, or appeal after the case has proceeded to final judgment. Mandamus relief is thus not available to review the denial of the summary judgment. *See Abor*, 695 S.W.2d at 566; *Pope*, 445 S.W.2d at 954.

Similarly, we cannot condone mandamus relief in the present case to review the propriety of the underlying cause of action under the guise of judging the relevance of the discovery sought. Discovery is generally permitted into any matter not privileged that is relevant to the subject matter and is reasonably calculated to lead to the discovery of admissible evidence. This broad grant is limited only by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex.1990); *Jampole*

*v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984). Accordingly, so long as the discovery sought is relevant to the subject matter of the lawsuit, i.e., the claims alleged by plaintiff, and is not otherwise unduly harassing or burdensome, there is no basis for presently denying discovery, even though the claims in question may ultimately be declared invalid either by the trial court or on appeal.

■ State Farm also argues that the documents in the claims file are subject to various privileges that the trial court ignored when it ordered production. However, we conclude that State Farm has failed to bring a sufficient record before this Court in order for us to review the trial court's actions.

■ The relator has the burden of providing this Court with a sufficient record to establish its right to mandamus relief. *Walker,* 827 S.W.2d at 837.

■ With regard to a discovery dispute of the present nature, the party seeking to exclude matters from discovery must specifically plead the particular privilege or immunity claimed and request a hearing, at which he has the burden to produce evidence supporting such claim. The trial court should then determine whether an *in camera* inspection is necessary, in which case those materials for which the inspection is sought must be segregated and produced to the court. *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 58 (Tex.1986); *Peeples v. Honorable Fourth Supreme Judicial District,* 701 S.W.2d 635, 637 (Tex.1985).

The record in the present mandamus proceeding fails to show that State Farm met its burden under the above test, because of the absence of properly certified or verified exhibits, the absence of a statement of facts from the hearings held, and a failure to properly bring forward the *in camera* documents submitted to the trial court.

### 1. Exhibits.

■ Texas Rule of Appellate Procedure 121(a)(2)(C) requires the petition for writ of mandamus to be accompanied by a certified or sworn copy of the order complained of and other relevant exhibits. Rule 121(a)(2)(C) is satisfied by an affidavit to the effect that the exhibits in question are true and correct copies of documents on file with the trial court. *See Witherspoon v. Pouland,* 784 S.W.2d 951, 952–53 (Tex.App.—Dallas 1990, orig. proceeding); *Smith v. Caldwell,* 754 S.W.2d 692, 693–94 (Tex.App.—Houston [1st Dist.] 1987, orig. proceeding).

■ In the present case, however, State Farm's exhibits volume [1] to its petition for writ of mandamus contains an affidavit by its attorney stating that "[t]hese exhibits are all true and correct photocopies of original documents which have been filed in the trial court *or* sent to opposing counsel" (emphasis added).

The affidavit is thus ambiguous and leaves uncertain which of the exhibits, if any, were on file at the time of the hearing, and which were merely sent to opposing counsel. Accordingly, we cannot determine whether State Farm properly pled and proved the privileges that it claims.

### 2. Hearing.

State Farm has failed to provide a statement of facts from the discovery hearing after which the claims file was ordered produced. State Farm alleges in its petition that a hearing was held on May 31, 1994, after which the trial court ordered production. In its petition, State Farm further indicates that the claims file had been sent to the trial court for *in camera* inspection on November 19, 1993, and thus was before the trial court at the time of the May hearing. However, State Farm contends in its sworn petition that no transcript was prepared because the parties relied upon only pleadings,

---

1. The exhibits volume contains, among other things, the trial court's June 20, 1994, order compelling production, the plaintiff's petitions, a "privilege log" listing the privileges asserted with regard to each document, and State Farm's motion for protective order and response to the motion to compel (which itself includes as exhibits copies of the plaintiff's interrogatories, requests for production, motion to compel, and State Farm's answers, responses, and affidavits in support thereof, to the requested discovery).

arguments of counsel, and affidavits already on file.

In her response to State Farm's petition for writ of mandamus, Farley admits that no evidence was presented to the trial court at the hearings on her motion to compel. However, she informs us that there were two such hearings. The original hearing took place on September 13, 1993, at which time the trial court made initial rulings. Later, after a dispute arose concerning that ruling, a subsequent clarification hearing occurred on May 31, 1994. The trial court's June 20, 1994, order compelling production also recites that hearings had been held on September 13, 1993, and May 31, 1994, that it had reviewed the claims file *in camera*, and that it made its decision after "hearing the arguments of counsel and considering any evidence presented."

■ When an evidentiary hearing has been held, relator generally has the burden of providing a statement of facts from that hearing. *Walker*, 827 S.W.2d at 837; *Cameron County v. Hinojosa*, 760 S.W.2d 742, 744 (Tex.App.—Corpus Christi 1988, orig. proceeding). However, if no testimony or evidence is presented at the hearing, relator may avoid filing a statement of facts by submitting an affidavit to that effect to this Court in connection with its petition for writ of mandamus. *Walker*, 827 S.W.2d at 837 n. 3; *Barnes v. Whittington*, 751 S.W.2d 493, 495 (Tex.1988); Tex.R.App.P. 121(a)(2); *See also Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 181 (Tex.1993) (The complaining party is not required to obtain transcriptions of non-evidentiary hearings in which the trial court expressly bases its decision on the papers filed and the argument of counsel.).

■ In the present case, although State Farm's sworn assertions that no evidence was presented at the hearings may have been agreed to by Farley and can be accepted as true, we are still left with questions concerning State Farm's preservation of its assertions of privilege. State Farm failed to mention that two hearings were in fact held on the motion to compel. Moreover, at the time of the first hearing on September 13, 1993, State Farm had not yet provided the claims file for *in camera* inspection to the trial court. Because we have no statement of facts, we do not know whether the trial court requested the documents at that time, whether State Farm was prepared to submit them then, or whether the November 19, 1993, tender for *in camera* inspection was merely an afterthought or an untimely attempt to revive the privileges asserted but unsubstantiated at the original hearing. According to Farley, the second hearing was merely meant to clarify what had already been decided at the first hearing. Therefore, on the record presented to us, we cannot conclude that State Farm adequately and timely proved its claims of privilege in the trial court.

### 3. *In Camera* Documents.

■ Finally, the burden to provide this Court with a sufficient record also requires the relator to request that any documents submitted to the trial court for *in camera* inspection be carried forward under seal so that the appellate court can evaluate this information. *Pope v. Stephenson*, 787 S.W.2d 953, 954 (Tex.1990).

■ In the present case, State Farm has submitted to this Court a package under cover letter from its attorney informing us that the enclosed documents are submitted for *in camera* inspection by this Court. However, these documents are not certified by or under seal of the trial court. The only authentication of these documents as the ones produced to the trial court is a statement in the sworn petition for writ of mandamus to the effect that the documents submitted to this Court are the same ones sent to the trial court on November 19, 1993, for *in camera* review.

Because Farley has no means to verify that the documents tendered to this Court are in fact the same ones tendered to the trial court, we are unwilling to accept State Farm's representations to that effect, at least not without some indication that State Farm has attempted unsuccessfully to have the documents properly sent to this Court certified by and under seal of the trial court. *Cf. Wright v. Valderas*, 575 S.W.2d 405, 407 (Tex.Civ.App.—Fort Worth 1978, orig. pro-

ceeding) (absent proof to the contrary, we presume that the trial judge is anxious to aid any complainant in obtaining action of the appellate court to which he might be entitled).

It was incumbent upon State Farm to present sufficient evidence to the trial court to establish its right to the privileges asserted. It was likewise incumbent upon State Farm to present this Court with a sufficient record from the trial court for us to determine the propriety of that court's order. Because State Farm has failed to present this Court with a sufficient record, we have no means to evaluate the trial court's exercise of discretion in the underlying discovery dispute concerning the claims file.

## OTHER DISCOVERY REQUESTS

State Farm also complains about other requested discovery asking about similar lawsuits against State Farm and about complaints against State Farm investigated by the State Board of Insurance, and about a request for the production of the personnel files of State Farm employees Humphreys and Holiner.

With regard to similar lawsuits and complaints against State Farm, Interrogatory No. 18 asked State Farm to identify all lawsuits in Texas within the last five years involving similar claims in which State Farm had been a party. Interrogatory No. 22 asked State Farm to explain every complaint against it and those complaints investigated by the State Board of Insurance. State Farm objected to both interrogatories generally on the ground that the requests are harassing and overly-broad.

■ The burden is upon the party seeking to avoid discovery to plead the basis for exemption or immunity and to produce evidence supporting that claim. *State v. Lowry*, 802 S.W.2d 669, 671 (Tex.1991); *Collier Services Corp. v. Salinas*, 812 S.W.2d 372, 376 (Tex.App.—Corpus Christi 1991, orig. proceeding); Tex.R.Civ.P. 166b(4). This includes the burden to plead and present some evidence to prove that it would be burdensome or harassing to require production of the information in question. *Collier*, 812

S.W.2d at 376; *Caudillo v. Chiuminatto*, 741 S.W.2d 545, 546 (Tex.App.—Corpus Christi 1987, orig. proceeding).

■ In the present case, State Farm attempted to prove its allegation that the requested discovery was burdensome through the affidavits of Clarence W. Jones, the State Farm claim superintendent responsible for supervising the underlying lawsuit. With regard to similar lawsuits, Jones stated in his affidavit that "it is not possible to electronically determine or otherwise systematically retrieve the information requested," but that it would require a file-by-file search. Similarly, with regard to complaints against State Farm generally, Jones stated that State Farm does not maintain such records in the regular course of business and that it would require a file-by-file search. With regard to both requests, Jones explained in some detail what would be required in order to produce the requested information and alluded to the various expenses involved, but he never attempted to put any monetary amount on the expense in question or to provide any objective means to determine the overall extent of the burden of production.

Without State Farm enumerating the specific costs or providing some other objective means to evaluate the extent of the burden involved, the trial court has no means to balance the actual burden of producing the requested information against the legitimate interests in discovering that information. Accordingly, it was at least within the discretion of the trial court to determine that State Farm failed to carry its burden of proving harassment and burdensomeness as a justification for refusing to produce.

■ With regard to Request for Production No. 19, asking State Farm to produce the complete personnel files of Humphreys and Holiner, State Farm complains that the request invades the employees' privacy rights and divulges trade secrets. Specifically, Jones stated in his affidavit that it is State Farm's policy "to protect the privacy rights of present and former employees," and that disclosure of such information is therefore limited. Jones also alleges that the information requested is proprietary in nature and

constitutes trade secrets of State Farm which would be of benefit to its competitors.

■ Both federal and state courts have recognized a constitutional "right of privacy" in a variety of situations in order to prevent unlimited disclosure of personal information. *Kessell v. Bridewell*, 872 S.W.2d 837, 841 (Tex.App.—Waco 1994, n.w.h.); *Collier*, 812 S.W.2d at 376–77; *Tarrant County Hospital District v. Hughes*, 734 S.W.2d 675, 678–80 (Tex.App.—Fort Worth 1987, orig. proceeding); Tex.R.Civ.P. 166b(4). However, as with other privileges and exemptions from discovery, relator has the burden of producing evidence to support its assertions of privacy. *Kessell*, 872 S.W.2d at 841; *Collier*, 812 S.W.2d at 376–77. Although information contained in employment records might, under some circumstances, be included within the protected zone of privacy, relator must show the particulars of the expectation of privacy beyond merely conclusory allegations that the employer considers such information to be private and keeps it confidential. *Kessell*, 872 S.W.2d at 841–42. In the present case, Jones' conclusory allegation that State Farm considers its personnel files to be private does not impose any duty upon the trial court to recognize a privacy interest protecting that information from discovery.

■ With regard to the allegation of trade secrets, which are specifically protected by Texas Rule of Civil Evidence 507, Jones' affidavit is likewise conclusory and wholly fails to provide any evidence to support his claim of privilege. *See Automatic Drilling Machines, Inc. v. Miller*, 515 S.W.2d 256 (Tex.1974); *Miller v. O'Neill*, 775 S.W.2d 56, 59 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding).

Accordingly, because State Farm has wholly failed to prove any of the privileges from discovery upon which the present mandamus proceeding is based, we WITHDRAW our previous grant of the motion for leave to file petition for writ of mandamus and OVERRULE relators' motion for leave to file petition for writ of mandamus.