NO.
12-05-00309-CV

IN
THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER,
TEXAS

§          

 

IN RE: KEMPER LLOYDS 

INSURANCE COMPANY,   §          ORIGINAL
PROCEEDING

RELATOR

 

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



                                                MEMORANDUM
OPINION

            In this
original mandamus proceeding, Kemper Lloyds Insurance Company complains of a
discovery order signed by Respondent, the Honorable Campbell Cox, Judge of the
145th Judicial District Court, Nacogdoches County, Texas, on August 31, 2005.  We deny the petition.

 

Background

            Tim and Lynn
Howell discovered water damage to the roof and ceiling structure, wall framing,
interior and exterior wall coverings, wall insulation, and floor coverings of
their home.  They filed a claim with
Kemper, who issued their homeowner’s policy. 
Kemper hired Gary Whightsil to inspect the Howells’ residence and
determine the cause and origin of the damages. 
The inspection revealed a hole in the roof of the residence.  Kemper denied a portion of the Howells’
claim, and the Howells sued Kemper alleging breach of contract and bad faith
settlement practices.

            The Howells
sent Kemper interrogatories and requests for production, including the
following:

 

Interrogatory 2:  Please identify any other claims made to or
filed by one of your policy holders for which you contracted with or employed
GLW Engineering, Inc. to investigate or inspect any property in connection with
that claim.

 

Request for Production 1:  All documents identified in Interrogatory No.
2 of Plaintiff’s First Set of Interrogatories.

 

Kemper objected, in part, that these discovery requests are
overbroad and that they seek information that is irrelevant and protected from
discovery by the privacy rights of Kemper’s insureds.  The Howells filed a motion to compel
production contending the requested discovery is necessary to discover any bias
Whightsil may have.  Kemper filed a
response and attached a document in which Whightsil summarized 25 claims he had
previously investigated for Kemper, but redacted the insureds’ names.

            Respondent
conducted a hearing on the Howells’ motion to compel.  Following the hearing, Respondent signed an
order requiring Kemper to provide the Howells with the names and addresses of
the property owners whose claims are listed in Whightsil’s summary.  The order includes a confidentiality
provision that prohibits the Howells and their counsel from disclosing the
information to anyone unless it is essential to the litigation.  The provision also requires the Howells to
return the disclosed names and addresses to Kemper upon resolution of the case.
Kemper filed this original proceeding and a motion for emergency relief.  We stayed the trial court proceedings pending
resolution of the issues presented here.

 

Availability
of Mandamus

            The scope of
discovery is largely within the trial court’s discretion.  Dillard Dep’t Stores, Inc., 909
S.W.2d 491, 492 (Tex. 1995).  Mandamus
will issue to correct a discovery order when the mandamus record establishes
that the order constitutes a clear abuse of discretion and there is no adequate
remedy by appeal.  In re Colonial
Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998).  Mandamus relief may be justified when (1) the
appellate court would not be able to cure the trial court’s discovery error,
such as when privileged information would be revealed; (2) the party’s ability
to present a viable claim or defense is severely compromised or vitiated by the
erroneous discovery ruling; or (3) the trial court’s discovery order disallows
discovery that cannot be made a part of the appellate record.  Walker v. Packer, 827 S.W.2d
833, 843-44 (Tex. 1992).  The party
seeking the writ of mandamus has the burden of showing that the trial court
abused its discretion.  In re E.
Tex. Med. Ctr. Athens, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig.
proceeding).  A trial court abuses its
discretion when it acts in an unreasonable or arbitrary manner or, stated
differently, when it acts without reference to guiding rules and principles.  In re Colonial Pipeline, 968
S.W.2d at 941.  

            In two
issues, Kemper contends that it has satisfied both prerequisites to
mandamus.  As to the first prerequisite,
Kemper argues that Respondent’s order is an abuse of discretion because (1) the
Howells have not pleaded or proved that Whightsil is biased; (2) the Howells
did not meet their burden to show that the names and addresses are relevant,
material, and necessary to the issues in the litigation; and (3)  Respondent’s confidentiality order is
insufficient to protect the privacy rights of Kemper’s insureds.  We address each argument in turn.[1]

 

Bias of
Expert Witness

            In his
summary, Whightsil stated that in 57% of the 25 claims he investigated for
Kemper, he found no damage or found damage from causes that were not covered
under the policy.  The Howells argued
that they need the names and addresses of the property owners submitting the
claims identified in Whightsil’s summary to independently verify the
information in the summary and to determine whether evidence of Whightsil’s
bias exists.  

            In the
order, Respondent stated his conclusion that “Texas Rules of Civil Procedure
number 192.3(e)(5) specifically provides that a ‘party may discover. . .any
bias of the witness.’”  The order
includes a finding that “[a] determination of whether the findings made by Gary
Whightsil in favor of [Kemper] were reasonable or arbitrary is essential to
show whether or not said Whightsil is biased.” 
Kemper argues that the names and addresses are not discoverable because
Whightsil’s bias is not an issue in the underlying proceeding.  More particularly, Kemper points out that the
Howells have not filed any pleading asserting that Whightsil is biased and that
Tim Howell stated in his deposition that he did not believe Whightsil is
biased.[2]  

            A party may
discover the bias of a testifying expert or a consulting expert whose mental
impressions or opinions have been reviewed by a testifying expert.  Tex.
R. Civ. P. 192.3(e)(5).  Rule
192.3(e)(5) includes no requirement that the expert’s credibility must be an
issue for evidence of the expert’s potential bias to be discoverable.  See id.  Kemper cites the rule that discovery is not
permitted (1) where personal documents such as appointment books or financial
records have been requested from a potential nonparty witness whose credibility
has not been put in issue, (2) the records do not relate directly to the
subject matter of the pending suit, and (3) the records are sought to be
discovered for the sole purpose of impeachment of the witness by showing his
bias and prejudice.  See Russell
v. Young, 452 S.W.2d 434, 435 (Tex. 1970).[3]  Here, the names and addresses are not sought
from Whightsil nor are they to be discovered from his personal documents.  Thus,  the holding in Russell
is inapplicable.  

            The Howells
were not required to raise the issue of Whightsil’s bias as a prerequisite to
obtaining discovery of the names and addresses. 
Therefore, Respondent did not abuse his discretion in ordering
disclosure on the basis that bias is an issue in the underlying proceeding.

 

Relevance of
Requested Information

            Kemper
contends that because it objected to the requested discovery based on privacy
rights, the Howells had the burden to show that the names and addresses are
material, relevant, and necessary. 
According to Kemper, the Howells failed to meet this burden and
therefore Respondent abused his discretion in ordering production of the names
and addresses.  

            A party may
obtain discovery regarding any matter that is not privileged and is relevant to
the subject matter of the pending action. 
Tex. R. Civ. P. 192.3(a).  Evidence is relevant if it has a “tendency to
make the existence of any fact of consequence to the determination of the
action more or less probable than it would be without the evidence.”  Tex.
R. Evid. 401.  Evidence may not
always be necessary to support a claim that the information sought is not
relevant.  In re Union Pacific
Resources Co., 22 S.W.3d 338, 340 (Tex. 1999) (orig. proceeding); see
also Tex. R. Civ. P. 193.4(a)
(party making objection or asserting privilege must present any evidence
necessary to support objection or privilege) (emphasis added).

            As a general
rule, the burden of pleading and proving the requested evidence is not relevant
falls upon the party seeking to prevent discovery.  Valley Forge Ins. Co. v. Jones,
733 S.W.2d 319, 321 (Tex. App.–Texarkana 1987, orig. proceeding) (citing Weisel
Enterprises, Inc. v. Curry, 718 S.W.2d 56 (Tex. 1986); Peeples v.
Fourth Court of Appeals, 701 S.W.2d 635 (Tex. 1985)).   In support of its contention that a
different rule applies in the instant case, Kemper cites El Centro del
Barrio Inc. v. Barrow, 894 S.W.2d 775 (Tex. App.–San Antonio 1994,
orig. proceeding).  

            In El
Centro del Barrio, the plaintiffs in the underlying proceeding sought
to compel production of tax returns.  In
conditionally granting mandamus relief, the court stated that when tax returns
are sought, it is not the burden of the party resisting discovery to show the
tax returns are not relevant.  Id.
at 779 (citing Maresca v. Marks, 362 S.W.2d 299, 300 (Tex. 1962);
Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434, 440 (Tex.
1959)).  Instead, the burden is on the party
seeking discovery to show that the tax returns are material and relevant to the
issues in the case.  El Centro del
Barrio, 894 S.W.2d at 779.  This
rule has also been applied to tithing records, 
which in many cases may be a subset of personal tax records.  Tilton v. Marshall, 925 S.W.2d
672, 683 (Tex. 1996).  However, we have
found no cases, and Kemper has not cited any, suggesting that this exception to
the general rule is applicable to information other than tax returns and
tithing records.  In the absence of such
authority, we reject Kemper’s contention that this exception applies in the
case at hand.  Therefore, Kemper had the
burden to show that the names and addresses were not relevant.

            At the
hearing on the motion to compel, Kemper argued that the names and addresses are
not relevant because Whightsil’s bias is not an issue in the case. As we have
previously discussed, Texas Rule of Civil Procedure 192.3(e)(5) does not
preclude discovery of bias where the issue has not been raised previously.  Consequently, Kemper’s argument was
insufficient to show that the names and addresses are not relevant.  Because Kemper failed to meet its burden,
Respondent did not abuse his discretion in ordering disclosure on the basis
that the names and addresses are relevant to the issue of bias.

 

Right to
Privacy and Confidentiality Order








            Kemper
contends that a confidentiality order does not overcome a privacy claim.
Therefore, Kemper maintains, its privacy objection precluded Respondent from
ordering disclosure of the names and addresses, and the confidentiality
provision in the order cannot justify disclosure.

            The cases
addressing the constitutional right to privacy have involved at least two
different kinds of interests.  Whalen
v. Roe, 429 U.S. 589, 599-600, 97 S. Ct. 869, 876, 51 L.Ed.2d 64
(1977).  One is the individual interest
in avoiding disclosure of personal matters, and another is the interest in
independence in making certain kinds of important decisions.  Id.  The former is in dispute here.  This aspect, sometimes referred to as “disclosural
privacy,” encompasses the ability of individuals to determine for themselves
when, how, and to what extent information about them is communicated to
others.  Indus. Found. of the S. v.
Tex. Indus. Accident Bd., 540 S.W.2d 668, 679 (Tex. 1976). However,
this does not mean that every publication of personal information about an
individual constitutes an invasion of a constitutionally protected zone of
privacy.  Id. at 680.  Nor does it mean that information within a
constitutionally protected zone of privacy can never be disclosed.  See, e.g., Whalen, 429 U.S. at
604, 97 S. Ct. at 878 (upholding state statute requiring reporting of names and
addresses of all persons obtaining prescriptions for certain drugs having both
a lawful and an unlawful market); Tarrant County Hosp. Dist. v. Hughes,
734 S.W.2d 675, 680 (Tex. App.–Fort Worth 1987, orig. proceeding) (holding that
compelling disclosure of blood donors’ identities was not an impermissible
violation of constitutional right to privacy). 


            A party
asserting that privacy rights protect information from disclosure must present
evidence showing disclosure would cause “a particular, articulated and
demonstrable injury.”  See  Kessell v. Bridewell, 872 S.W.2d
837, 841-42 (Tex. App.–Waco 1994, orig. proceeding) (quoting Garcia v.
Peeples, 734 S.W.2d 343, 345 (Tex. 1987)).  Stated another way, the party must establish
that it has such a privacy interest in the information as to bar
disclosure.  Kessell, 872
S.W.2d at 842.  An insurance company may
request limitation of discovery to protect the privacy of its insureds.  See Alpha Life Ins. Co. v. Gayle,
796 S.W.2d 834, 836 (Tex. App.–Houston [14th Dist.] 1990, orig. proceeding).

            Marital
relations, procreation, contraception, family relationships, and child rearing
and education are among the interests that are included within a
constitutionally protected zone of privacy. 
See Indus. Found. of the S., 540 S.W.2d at
679.  An individual’s medical records are
also within a constitutionally protected zone of privacy. Whalen,
429 U.S. at 601, 97 S. Ct. at 877.  In
this case, the redacted names and addresses do not relate to any of these
protected interests.  Moreover,  Kemper has not shown that the names and
addresses are within any constitutionally protected zone of privacy.  Cf. In re Xeller, 6 S.W.3d 618,
625 (Tex. App.–Houston [14th Dist.] 1999, orig. proceeding) (requested medical
reports within a zone of privacy protected by the United States Constitution); In
re Dolezal, 970 S.W.2d 650, 652 (Tex. App.–Corpus Christi 1998, orig.
proceeding) (same); Alpha Life Ins., 796 S.W.2d at 836
(same).  








            At
the hearing, Kemper stated only that it does not want its insureds harassed by
someone questioning them about Whightsil’s investigation of their claims.  This is insufficient to show that the names
and addresses are afforded constitutional protection.  See Kessell, 872 S.W.2d at
841-42; see also  Indus.
Found. of the S., 540 S.W.2d at 681 (names of worker’s compensation
claimants in state records not within a constitutionally protected zone of
privacy).  Because Kemper did not
establish its privacy claim, Respondent did not abuse his discretion in
ordering disclosure of the names and addresses subject to a confidentiality
provision.

 

Conclusion

            Respondent
did not abuse his discretion in ordering disclosure of the names and addresses
of Kemper’s insureds whose claims were listed in Whightsil’s summary.  Because Kemper has not met the first
prerequisite to mandamus, we need not consider the second—whether Kemper has an
adequate remedy by appeal.  Kemper’s
petition for writ of mandamus is   denied, and our stay
is lifted.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered February 28, 2006.

 

Panel consisted of Worthen, C.J.,
Griffith, J., and DeVasto, J.

 

 

(PUBLISH)











[1] Because
Respondent did not grant the Howells’ motion to compel in its entirety, we
limit our discussion to the names and addresses described in Respondent’s
order.





[2] We
interpret Kemper’s argument to be that Howell’s statement affirmatively shows
bias is not an issue.   





[3] At
least two courts have held that the supreme court did not overrule its decision
in Russell by its promulgation of Rule 192.3 in 1999.  See In re Wharton, 2005 Tex.
App. LEXIS 4572, at *12 (Tex. App.–Waco 2005, orig. proceeding); In re
Doctor’s Hosp. of Laredo, 2 S.W.3d 504, 507 (Tex. App.–San Antonio
1999, orig. proceeding).