COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE: ROSA MARIA TRUJILLO, | § | No. 08-13-00185-CV |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION

In this petition for writ of mandamus, Rosa Maria Trujillo contends that the trial court clearly abused its discretion in denying her discovery requests for various medical and counseling records concerning defendant Jorge Llamas-Soforo. Finding the petitioner has failed to provide us with a sufficient record from which to determine abuse of discretion, we deny the writ.

## FACTS

Rosa Maria Trujillo and Jorge Llamas-Soforo were married from 2005 through 2010. After their divorce, Trujillo brought an action for assault and intentional infliction of emotional distress, based upon alleged extreme and outrageous behavior by Llamas-Soforo before and during the marriage, a cause of action recognized by the Texas Supreme Court in *Twyman v. Twyman,* 855 S.W.2d 619 (Tex. 1993). Llamas-Soforo responded with a general denial,

affirmative defenses of waiver, laches and consent, and counterclaims for declaratory relief, malicious prosecution and defamation. Trujillo made certain discovery requests of Llamas-Soforo, asking for records of any drug, alcohol, mental health and/or anger management treatment, and for a signed authorization for obtaining such records. Llamas-Soforo objected to production, but did not assert privilege of any kind.

Trujillo filed a motion to compel. The trial court compelled Llamas-Soforo to complete the authorization and obtain the requested documents, but ordered them produced only for her *in camera* inspection.

Following the *in camera* inspection, the trial court ruled that the documents would not be released to either party. Trujillo asserts in her petition for mandamus that she has "moved the Trial Court to transmit these documents to this Court" but the court has not received any such records, nor has Trujillo requested any order from this Court regarding transmittal.

After the initial denial, Trujillo filed a motion for reconsideration. In response to the reconsideration, Llamas-Soforo for the first time raised a claim of privilege. The trial court again denied the request. Trujillo now seeks mandamus directing the trial court to compel production.

## STANDARD FOR DISCOVERY MANDAMUS

Mandamus will lie only to correct the trial court's clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992); *In re Arden,* 2004 WL 576064, at *1 (Tex.App.—El Paso 2004, orig. proceeding). There must be no other adequate remedy at law. *Arden,* 2004 WL 576064, at *1. An appellate court rarely interferes with a trial court's exercise of discretion, and will do so only when a court issues a decision which is without basis or guiding principles of law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985).

## FAILURE TO PROVIDE FULL RECORD

Initially, we note that petitioner has failed to provide us with the records that the trial court inspected *in camera.* The burden to provide this Court with a sufficient record requires the relator to request that any documents submitted to the trial court for *in camera* inspection be carried forward under seal so that the appellate court can evaluate this information. *Humphreys v. Caldwell,* 881 S.W.2d 940, 944 (Tex.App.—Corpus Christi 1994, orig. proceeding). Other than the bald assertion in her brief that she has moved the trial court to provide this appellate court with the mental health records, there is no indication that Trujillo attempted unsuccessfully to have the documents properly sent to this Court certified by and under seal of the trial court. Without the records or some indication of why they are not before us, we are unable to properly evaluate the trial court's decision. *Id.* Absent proof to the contrary, we presume that the trial judge is anxious (or at least willing) to aid petitioner in obtaining action of the appellate court to which he might be entitled. *Id*. at 944-45. Without the documents that were reviewed by the trial court, or any evidence of diligence in bringing them up for our review, we are unable to say that the trial court abused its discretion.

## CONCLUSION

We therefore deny the petition for writ of mandamus.


                                                  SUSAN LARSEN, Senior Judge
February 25, 2015

Before McClure, C.J., Rodriguez, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment

3