

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:     Michael Fallon, M.D. v. The University of Texas MD Anderson
                         Physician's Network and William Hyslop, as President and Chief
                         Executive Officer of The University of Texas MD Anderson
                         Physician's Network

Appellate case number:   01-17-00882-CV

Trial court case number: 2017-36113

Trial court:             151st District Court of Harris County

Appellees have filed a motion for leave to file *in-camera* documents and have tendered certain documents with the motion. Appellees contend that the trial court considered these documents as Exhibits G, I, M, and N in granting their motion for summary judgment and denying appellant's motion for summary judgment. Thus, appellees assert that these *in-camera* exhibits were part of the evidence the trial court considered, but the clerk's record does not include these *in-camera* exhibits. Appellees contend that the trial court no longer has a copy of these *in-camera* exhibits, so the court could not submit them as part of the clerk's record. Thus, appellees ask that we submit the *in-camera* exhibits they present here. Appellant opposes the motion.

"If a relevant item has been omitted from the clerk's record . . . any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." TEX. R. APP. P. 34.5(c)(1); *see also* TEX. R. APP. P. 34.5(c)(3) ("Any supplemental clerk's record will be part of the appellate record."). And if a document that has been designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in a supplemental clerk's record. TEX. R. APP. P. 34.5(e). Alternatively, if the parties cannot agree, appellees may submit the documents to the trial court for a determination "what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement." Tex. R. App. P. 34.5(e).

Nevertheless, hand-delivering to the appellate court a copy of the purported *in-camera* documents is not a viable way to add them to the record over the other side's objection. *See Humphreys v. Caldwell*, 881 S.W.2d 940, 944–45 (Tex. App.—Corpus Christi 1994, orig. proceeding); *see also* TEX. R. APP. P. 34.5(c), (e); *McGrath v. Baylor Univ. Med. Ctr.*, No. 05–99–00457–CV, 2000 WL 1222039, at *3 n.6 (Tex. App.—Dallas Aug. 29, 2000, pet. denied) (not designated for publication) (noting where party "did not ask the trial court to bring the subject

documents forward under seal," appellate court "had no way of knowing whether the documents in [party]'s possession were the precise documents which the trial court reviewed *in camera*").

Accordingly, we **DENY** this motion for leave to file *in-camera* exhibits.


It is so ORDERED.


Judge's signature: /s/ Jennifer Caughey
☑ Acting individually    ☐ Acting for the Court


Date: July 31, 2018