**Order entered November 3, 2021**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

No. 05-21-00616-CV

**JOHN DOE, Appellant**

**V.**

**CATHOLIC SOCIETY OF RELIGIOUS AND LITERARY EDUCATION AND JESUIT COLLAGE PREPARATORY SCHOOL OF DALLAS INC., Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-03706**

### ORDER

On September 23, 2021, a sealed supplemental clerk's record was filed in this appeal containing documents filed in camera in the trial court. Any documents submitted to the trial court for in camera inspection must be filed with an appellate court under seal so that it can evaluate the documents. *See Humphreys v. Caldwell*, 881 S.W.2d 940, 944 (Tex. App.—Corpus Christi–Edinburg 1994, orig. proceeding). Because the record before the Court does not contain a sealing order,

there is currently no authority for any portion of the appellate record to be filed under seal.

Under Texas Rule of Civil Procedure 76a, court records are generally presumed to be open to the general public and may be sealed only upon motion and if certain conditions are met. *See* TEX. R. CIV. P. 76a. Among those conditions are that the movant must provide public notice, the trial court must hold a hearing on the motion in open court as soon as practicable, and the trial court must issue an order that complies with the requirements of rule 76a(6). *See id.* 76a(3), (4) & (6).

In light of these circumstances, the September 23 sealed supplemental clerk's record shall remain under seal for **FORTY DAYS** to allow the parties to obtain an order that complies with the requirements of Rule 76a from the trial court that permanently seals the documents contained in the supplemental clerk's record. *See* TEX. R. CIV. P. 76a. Alternatively, if the parties prefer, they can file redacted documents to protect sensitive information. *See* TEX. R. APP. P. 9.9.

The parties shall provide, within **FORTY DAYS** of the date of this order, written verification whether the trial court signed a sealing order. If the trial court does not sign a sealing order within the time prescribed, the Court will strike the September 23 sealed supplemental clerk's record.

If the trial court signs a sealing order, we **ORDER** Dallas County District Clerk Felicia Pitre to file, within **FORTY-FIVE DAYS** of the date of this order, a supplemental clerk's record containing the sealing order.

We **DIRECT** the Clerk of this Court to send a copy of this order to the Honorable Eric Moye, Presiding Judge of the 14th Judicial District Court; Ms. Pitre; and, the parties.

/s/    KEN MOLBERG
        JUSTICE