**DISSENT; Opinion Filed November 23, 2022**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

_____

**No. 05-22-00938-CV**
_____

**IN RE JAMES ALAN BARNES ET AL., Relators**

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15204**

## DISSENTING OPINION

Opinion by Justice Pedersen, III

This Court may not address the merits of any petition for writ of mandamus absent strict compliance with Rule 52 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52 ("original proceedings"); *In re Barnes*, 653 S.W.3d 345, 346 (Tex. App.—Dallas 2022, orig. proceeding) (Pedersen, III, dissenting). Relators fail to comply with Rule 52, as the majority concedes. *See* Majority Op., 6-10.

The majority recites that this Court may not "cut through the 'red tape' and reach the merits when the record is defective." Majority Op., 6-7 (quoting *In re Meehan*, No. 05-21-00337-CV, 2021 WL 2943938, at *1 (Tex. App.—Dallas July 13, 2021, orig. proceeding) (mem. op.)). Yet the majority does exactly that. The majority explains at length why relators fail to carry their burden to provide this

Court with a sufficient mandamus record under the Rules and why the record is without assurance of reliability. *See* Majority Op., 7-10. Indeed, the majority explicitly states the reasons for my dissent. *See* Majority Op., 6-10. The majority cites two judicial opinions as authority for this departure, *Humphreys v. Caldwell*, 881 S.W.2d 940 (Tex. App.—Corpus Christi-Edinburg 1994, orig. proceeding) and *In re Christus Santa Rosa Health System*, 492 S.W.3d 276 (Tex. 2016) (orig. proceeding). *Humphreys* is an opinion of the Thirteenth Court of Appeals that does not involve mental-health records but instead involves discovery of an insurance company's claim file, similar lawsuits, administrative complaints, and personnel files. *See Humphreys*, 881 S.W.2d at 942, 945. In that case, our sister court overruled a motion for leave to file a petition for writ of mandamus because, in part, the relator failed to comply with Rule 52. *See Humphreys*, 881 S.W.2d at 943. *In re Christus Santa Rosa Health Systems*, cited by the majority as authority to deviate from Rule 52 requirements, is closer to these facts. That case involved an order compelling production of the health system's medical peer review committee's records pertaining to a surgery. *See In re Christus Santa Rosa Health Sys.*, 492 S.W.3d at 277. In the entire opinion there is no reference to either compliance or noncompliance with Texas Rule of Appellate Procedure 52. Neither of these cases remotely suggests the existence of an exception to compliance with Rule 52.

Accordingly, I would follow Texas Rule of Appellate Procedure 52 and this Court's precedent and deny mandamus relief without addressing the merits. *See* TEX.

–2–

R. APP. P. 52.7(a)(1); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) ("Because we conclude relators' petition and record are not authenticated as required by the Texas Rules of Appellate Procedure, we DENY the petition for writ of mandamus.").

I respectfully dissent.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

220938DF.P05